*524 OPINION of the Court, by
Judge Owsley.
This is an appeal from a judgment for restitution rendered in favor of Marshall, on the trial of a traverse to an inquisition taken before a justice of the peace, upon a warrant for a forcible detainer.
Marshall, no doubt, from the evidence in the cause, has shown himself entitled to restitution.
sion. Mrs. M’Arthur, from whom Harrison obtained the possession, appears to have held the premises as tenant to Marshall; and although the lease was for more than a year, and by parol, yet as she took possession under Marshall, neither she nor Harrison claiming under her, ran by contesting Marshall’s right, protect that posses-
A notice to quit the pufief-fion before the Warrant iflues, where the tenant h Ids over adversely to the landlord, is not neceiiary.
As Harrison is estopped, therefore, from disputing the right of Marshall, it follows that by hold! over the possession against Marshall’s will, he has o> legal estimation forcibly detained the possession, and thereby subjected himself to an expulsion from the premises by a warrant of forcible detainer.
Nor was it necessary, as is contended for Harrison, that he should have been notified to quit the possession before the emanation of the warrant: for-having, as the jury seem to have found, held over adversely to the right of Marshall, it cannot have been essential for Marshal! to give him any notice to depart.
ilutas the judgment is for the restitution of more than one acre of ground, it is contended that under the warrant which issued in this case, it cannot he sustained.
This objection is taken upon the hypothesis that the Warrant issued but for one acre ; but from an inspection of the warrant, it is apparent it issued for more.
It is true the terms one acre, are used in the warrant as part of the description of the premises detained ; hut those terms are evidently, according to the act under which the proceedings are had, unnecessary ; and as they are moreover explained away by the subsequent, description in the warrant, they cannot have the effect. Contended for.
The judgment must be affirmed with costs.