JAMES HAYS AND OTHERS V. MARGARET PORTER.

*The action of " forcible entry and detainer" is for the benefit of* him whose
possession is invaded; *if a tenant's possession is disturbed* he *must bring
suit, and not the* landlord.

Unless the plaintiff shows possession, or right of possession of the premises
sued for at the institution of the suit, he cannot recover.

·APPEAL from Titus.    Tried below before the Hon. William S.
Todd.

This is an action of forcible entry and detainer by Margaret
Porter against James Hays, Rezen Hays and Jesse Hays.    The
suit was removed to the District Court, and a final trial had in
August, 1860.

The testimony on the trial was as follows :

P. Black, witness for plaintiff, testified that " he rented the pre-
mises in 1858 of plaintiff and of William Porter ; had permission
of plaintiff in 1859 to use the premises as pasture, as there was. a
dispute as to who had the right to rent it.    Plaintiff was not living
on the premises at the time—believed she was living at her father's
at the time."

Hall, for plaintiff, said " he moved to the country in October,
1859 ; he understood the premises were for rent ; did rent of Mr.
Walker, the agent of the plaintiff, the premises in controversy,
about the first of. January, 1860.    Mr. Walker and plaintiff both
told witness that Walker was agent for plaintiff.'    Before witness
was ready to go to work on the place, he found that the defendants
had been at work on it under a renting from William Porter.
Witness then declined having any thing to do with the place."

The defendant Hays, introduced by plaintiff, " said he was placed
in possession by William Porter, of the land in cultivation.    Wit-
ness rented the land of William Porter about the 1st of February,
1859. ., That at that time one Wilkins was in possession of the
tenements."

On cross-examination, Hays said " he only had possession of the
land that was cultivated, and never did have possession of the

houses. That he was peaceably put in possession by William Porter, the administrator of Benjamin Porter; that he was there yet and had made a crop."

The defendant proved by William Porter that "he was the administrator of the estate of his deceased brother, Benjamin Porter, and guardian for some of his minor children. That as such administrator he had consented for Wilkins to occupy the tenements, and had rented the cultivated lands to defendants, and had put them in the peaceable possession of the same. That the family of Benjamin Porter was scattered shortly after his death. That plaintiff had not been residing on the premises since 1857. That witness had rented the land as administrator, and as guardian of B. F. Porter's minor children."

Wilkins testified that "he is now, and has been in the possession of the tenements of the late Benjamin Porter for about five months before March 10th, 1859. That he holds possession by the consent of Mrs. Porter, the said Benjamin Porter's widow, and of William Porter, the administrator. Witness, so far as Mrs. Porter is concerned, was her tenant at will, paying her no rent."

The judge instructed the jury as follows:

"If the jury are satisfied from the testimony that the plaintiff is the widow of Benjamin F. Porter, and the lands and the tenements in controversy was the homestead of the said Benjamin at the time of his death, then she had the possessory right to the premises, inasmuch as the entire control and management of it devolved upon her, and they will accordingly find for the plaintiff. But if the jury believe from the testimony that the plaintiff had Wilkins or any other person by her consent in possession of the premises at the time of the institution of this suit, then they will find for the defendants. It is not necessary that any force should have been used in entering the premises or holding them; if, from the testimony, the jury find that the plaintiff had the right to enter the premises at the time defendants entered, you will find for the plaintiff."

Verdict for plaintiff. Motion for a new trial overruled.

Rhine v. Hart.

*Hill & Gray*, for appellants.

*H. Dillahunty*, for appellee.

WHEELER, C. J.— It is a fatal objection to the plaintiff's action that she does not appear to have been in possession of the premises, nor does it appear that the homestead had been set apart to her by the court. It seems that her tenant was in possession. If his possession was invaded it was for him, and not the plaintiff, to bring the suit. The verdict was contrary to the evidence, and a new trial should have been granted.

The judgment is reversed and the case remanded.

Reversed and remanded.