## GEORGE B. LYLES v. DANIEL MURPHY.

1. A tenant in undisturbed possession cannot set up title in himself as against the title of his landlord under which he entered.
2. Suit for possession of realty may be joined with a claim for rent of the property.
3. A tenant in possession who purchases a superior outstanding title before eviction or surrender of his lease, cannot resist the payment of rent to the landlord for the term.

APPEAL from El Paso. Tried below before the Hon. S. B. Newcomb.

Suit brought by the appellant, which, after several amendments of petition, was an action for the possession of real property leased by appellant to appellee, and for rent due according to the terms of the lease. The defendant and appellee, among other things, set up title in himself to the premises leased; charged that plaintiff had no title except such as he derived by purchase from one Hubbell; that he, defendant, owned the land before and at the time the location was made thereon by Hubbell, and that the patent which issued to Hubbell was obtained by fraud.

It was in evidence that appellant was in possession when the lease was made; that the appellee entered under his lease, agreeing to pay rent; that the lease had terminated, and that appellee refused to pay the rent. To this evidence the appellee demurred by demurrer, which seems to have been filed after verdict for appellant for $2050 and for possession of the premises. The court sustained the demurrer to the evidence, set aside the verdict, and rendered judgment for appellee for costs.

*Hancock & West*, for appellant.—Our judicial system favors the joinder of actions whenever it can be done without injury to the parties, that all matters may if pos-

sible be adjusted in one action, thereby saving the parties the costs, expenses and annoyances of multifarious suits. And it is usual, in our State, to join these two causes of action; but they still remain distinct, for the tenant may show that he owes no rent, while the landlord may recover possession of the premises, or *vice versa.* (Sayles' Practice, § 470.)

It being well settled that a tenant cannot dispute his landlord's title as long as he holds under him, nor set up title in himself until his possession becomes adverse to his landlord, either constructively or actually, it follows as a matter of course that a tenant, before he can acquire any title to premises upon which he has entered under a landlord, must hold them adversely by naked possession for the length of time required by the statute of limitations. He cannot set up any title which he may have had in himself at the time of the demise, but must rely upon actual naked possession alone. And the failure to pay rent is not of itself such a breach or forfeiture of a lease as to make the possession adverse.

The lease under which the appellee holds the premises being a mere parol lease from month to month, the appellant can only recover so much of the rent due as was not barred when this action was instituted. This amount was found by the jury to be $2050, and they also further found that the appellant was entitled to the possession of the premises. This sum of $2050 is all that the appellant can recover on this branch of the case, and all that he asks. On the other branch of the case the appellant has shown (and it is admitted by the appellee) that he was in possession of the premises, that the appellee entered upon them under a lease from the appellant, that the lease has terminated, and that he has demanded possession from the appellee, who refuses to yield it up.

There cannot be a shadow of a doubt of the right of

the appellant to recover the possession of the *locus in quo*, and the rent found to be due by the jury; and we respectfully submit that this court should reverse the judgment of the District Court and proceed to render the judgment which the court below should have rendered on the finding of the jury and the facts proved and admitted, in favor of the appellant for the rent due as ascertained by the jury, and for the possession of the premises.

*Walton & Green*, for appellee.—The proposition that a tenant cannot dispute the title of his landlord, nor set up title in himself, as a general rule is not denied, but is not without at least one exception, under which the present case seems to fall. (Adams on Ejectment, pp. 276, 277; 5 Cowen R., 135; 5 Conn. R., 291; Comly v. Stanfield, 10 Texas R., 546.)

The defendant, Murphy, sets up in this pleading that the title, apparently good in Hubbell at the date of his entry, was subsequently, on account of having been fraudulently obtained, annulled and canceled, and the property reverted to the State. That this was a fact is admitted by the demurrer of plaintiff.

There can then be no doubt that the title under which appellee entered having expired, or been destroyed before the commencement of the action, he could show title in another just as he could if appellant had sold the land, or it had been sold under execution. (5 Conn., 291; 5 Cowen, 135; Tillinghast's Adams on Eject., p. 276.)

The title having been divested out of Hubbell, and revested in the State, the possession and right of possession returned to the State; for it is not believed that an individual can acquire legal possession against the State. "A tenant may show that his landlord holds in violation of the laws of the State, or that his interest has since ex-

pired, as that he has sold and conveyed the land, and that therefore he has no right to bring the suit.'' (Taylor's Landlord and Tenant, §§ 629, 707.)

We therefore maintain that the demurrer was rightly sustained by the court below.

1. Because the appellant proved no title in himself, which he was bound to do under the form of action adopted by him.

2. Because if he could be permitted to recover on his possession, it was admitted that the title under which he held, and under which appellee entered, had been destroyed before the commencement of his action.

3. Because the question of possession *vel. non* was not submitted to the jury at the trial.

WALKER, J.—It is somewhat difficult to determine the precise nature of this action. The plaintiff brought his suit to recover the possession of real property, and for rent due ; and in his original petition tendered an issue of title, but amended his pleading, counting only upon his own possession at the time of the making of the lease to the defendant, the defendant's entry under the lease, his forfeiture of the lease by refusal to pay rent, and his refusal to surrender. The defendant sets up title in himself. The rule of law is well settled that a tenant in possession cannot dispute his landlord's title. He must be ousted of his possession, or so disturbed in it as to make it necessary to give his landlord notice to defend the title, or he will not be permitted to set up title in himself ; nor will he be permitted to defraud his landlord of his title.

The defendant in his pleadings sets up different matters in avoidance, and finally demurred to the plaintiff's evidence. The appellant joined in the demurrer. The court, sustaining the demurrer, gave judgment for the appellee, which, we think, was error. Had this been the ordinary

action of trespass to try title, it may be that the appellee could show a better title to the premises than the appellant; but in the opinion of this court, for anything disclosed by the record, he has not acquired it in such a way as to avoid the payment of rent. There is nothing to show that he was ever evicted from the premises or surrendered his lease. There can be no controversy about the facts in the case; the demurrer admits their truth, but denies their competency, and it was only necessary for the plaintiff below to prove his own possession, the entry of the defendant, and the expiration or forfeiture of the term.

Some objection is made to this suit on the ground of misjoinder of causes of action. At common law this objection would be good, but under our system we think the objection cannot be maintained. We have no distinction here between the action of ejectment—if, indeed, that action remains to us—and the action of debt; nor have we drawn a distinct line between personal and real actions. Undoubtedly several actions may have grown out of the transaction between these parties. The plaintiff might have sued the defendant for each month's rent as it fell due, or he might have brought an action for forcible detainer to recover possession, and another for the rent due. But our laws and the decisions of our courts favor the joinder of all causes of action arising between the same parties in the same right and growing out of the same transaction.

For the reasons given, the judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.