Opinion by
Will-son, J.
§ 108. Landlord and tenant; tenant cannot dispute landlord's title; exceptions to the rule; fraud and mistake of fact; opinions of an attorney; insufficient plea by tenant. Suit by appellant to recover $250, rent of land. Distress warrant issued and levied on cotton. Suit founded upon a written contract, which is as follows:
“This is to make known that the place and all improvements on the Augenburg league of land, now occupied, or heretofore occupied and claimed by me, being now-in the possession of the sheriff, under a writ of possession, and same delivered to Nunn & Williams, as attorneys, etc. Now, I agree with the said Nunn & Williams to re-enter the possession as the tenant of Margaret A. E. Allen and Anna Walker and husband, Lewis D. Walker, and to hold the possession for this year as their tenant, and to pay the sum of $250 for the same on or before the 1st day *90 of next October, but without interest till the 1st of succeeding January, and .to redeliver to the said Nunn & Williams, as agents and attorneys aforesaid of the said Walker and wife and the said Mrs. Allen, on or before the 20th day of next December. This, the 15th April, 1880.
(Signed! “ G. M. Thompson.”
Among other matters pleaded by appellee in defense to the action, and which is the only plea that we need to consider, is in substance the following: 1. That at the time he executed the contract sued upon he was in possession of the land, holding and occupying the same as the separate property of his wife, in part, and holding and occupying another portion of the same as the property of one Mrs. Houston. 2. That a portion of said laud was the separate property of his wife, and another poi’tion of the same was the property of Mrs. Houston. 3. That prior to the time of making the contract appellants had recovered a judgment against himself and others for the entire league of land, with a writ of possession therefor. 4. That his said wife was not a party to said suit, and that her rights were in no manner affected by the judgment and decree therein rendered. 5. That he planted crops upon the land, and that the sheriff, accompanied by appellants’ attorney, came upon the premises with a writ of possession to dispossess him of-the premises, and that said attorney told him that his wife’s claim to the land had been concluded by the said judgment, and that appellants were legally entitled to possession of the whole of the land, etc., and that in order to hold possession and save his crops he entered into the aforesaid rent contract, and that he was induced to do this under the belief, produced by the representations of said attorney, that his wife’s right to the land had been concluded by "the aforesaid judgment.
We have given only the material portions of this plea, it being quite lengthy, setting out in detail all the facts which produced the contract sued upon.
*91 Appellants excepted to this plea generally, and also specially, as follows: “1. The matters and things alleged as to the former suit are wholly irrelevant, and constitute no sort of defense to this action, and specify no grounds for relief. 2. The allegations as to conversations between defendant and plaintiffs’ attorney are not in law any defense to this action. 3. It is not made to appear that the defendant was in any relation to plaintiffs’ attorney to make it proper for him to seek advice of him, nor that it was permissible for plaintiffs’ attorney to advise, nor that the deféndant had right to rely on any statements, nor is it made to appear that any statements were made upon which he had right to rely or by which he could be prejudiced. 4. The defendant seeks to make an issue in this case as to title to the land, when the same is in nowise involved in this Suit, and this court is without jurisdiction to try the same. 5. The defendant is seeking to make a defense against his own written contract by alleging a title in other parties than himself, notwithstanding he has received the possession from plaintiffs and has used the same for the period stipulated without disturbance from any one.”
Said exceptions were overruled, and upon a trial of the case before a jury, appellants recovered judgment for the sum of $128.91, that being the amount of rent due on the contract, after deducting for the rent of the land which appellee claimed as the separate property of his wife.
Numerous assignments of error are presented by appellants for our consideration, several of which, we are of the opinion, ai’e well taken; but entertaining the view of the case that we do, we „ deem it necessary to discuss and determine but one, and that is, that the court erred in overruling appellants’ exceptions to appellee’s plea, the substance of which plea we have recited.
We are of the opinion that the court erred in overruling the exceptions, both general aird. special, to the said plea. Admitting every statement in the plea to be true, *92 we think it presents no defense, either legal or equitable, to the plaintiff's cause of action. It is a -well settled general rule of law, that a tenant cannot dispute the title of his landlord. To this general rule there are, it is true, well defined exceptions. In the case under consideration, appellee, by his written contract, became the tenant of appellants, expressly attorning to them as his landlords, and expressly acknowledging that he received possession of the premises from them. He entered upon, used, occupied and enjoyed the premises under that contract for the full period of time designated therein. It is unquestionably true, therefore, that by virtue of the contract the relation of landlords and tenant existed between appellants and appellee, and the general rule above stated must apply, that appellee, the tenant, cannot he permitted to dispute the title of appellants, the landlords.
Hoes appellee, by his plea, bring himself within any of the exceptions to the general rule? We will examine and see. If the contract had been induced by the frau<J or misrepresentation of appellants or their agent or attorney, this would be an exception to the general rule stated, and appellee would not be estopped, in such case, from denying the title of appellants. So, if appellee had made said contract under a mistake as to a material fact, he might not be estopped. ■ Now the plea under examination does not allege any fraud on the part of appellants or their attorney in obtaining the contract, or any facts which constitute fraud in law. Nor does it allege any mistake of fact on the part of appellee which induced him to make the contract. That appellants’ attorney represented and stated it as his opinion, that appellants had a right to the possession of all the land, and that appellee’s wife was concluded as to her claim by the judgment against appellee, constituted neither fraud nor mistake of fact. Appellee had full knowledge, at the time he made the contract, of his wife’s alleged title to the land, and he had- no right to ask for or to rely upon any statement or representation of appellants’ attorney, as to *93 the validity of such title, or the legal effect of the said judgment. It is very apparent to us that the plea does not allege facts which bring the appellee within either of the above named, exceptions to the general rule before stated, and it is not pretended that he is within any other exception to said general rule. [W. & W. Con. Rep. §§ 816, 1027, 1283; Wood’s Landlord and Tenant, § 236; Little v. Allen, 56 Tex. 133; Herman on Estoppel, §§ 360, 361; Bigelow on Estoppel, p. 370; Lyles v. Murphy, 38 Tex. 75.] The plea was wholly insufficient, and the court erred in overruling the exceptions to it.
February 8, 1884.
Reversed and remanded.