## M. A. R. ALLEN ET AL. VS. G. M. THOMPSON.

### COURT OF APPEALS, GALVESTON TERM, 1884.

*Landlord and Tenant*—This was a suit for rent brought by the appellants upon a contract in writing which amounted to a contract of tenancy, whereunder the appellee agreed to become the tenant of the appellants, attorning to them as his landlords, and expressly acknowledging that he received·possession from them. Among other things defendant pleaded substantially, that when he executed the contract sued upon he was in possession of the land as the separate property of his wife in part, and partly as that of H. That prior to the contract appellants recovered a judgment against himself and others for the entire league of land with writ of possession. That his wife was not a party to the suit. That when he executed the contract, he did so upon the information of appellants' attorney, that the decree determined his wife's interest, and in order to save his growing crop. Appellants excepted to the answer generally and specially in substance as follows : That the matter of the former suit constituted no defense to this; that the conversations with the attorney afforded no defense; that no relation to the attorney existed to make it proper for defendant to seek advice from him or act upon it: that his answer sought to change the action into a suit for land; that it sought to make a defense against his own written contract, by alleging title in other parties than himself. Exceptions were overruled and judgment for $128.91 was entered for plaintiff, that being the amount due on deducting the land claimed as the wife's part. *Held*, that the court erred in overruling the exceptions; that even if all matters alleged in the answer be true, it is a well settled doctrine of law that the tenant cannot dispute the title of his landlord.

*Same.*—Exceptions to this general rule would be, if the contract had been induced by the fraud or misrepresentation of the plaintiff or his agent, or if the contract had been made under a mistake as to a material fact. But this case is not brought within either exception.

Appeal from Houston County.

*Nunn, Williams & Corry* for appellants.

*Abercrombie, Randolph & Bennett* for appellant.

Opinion by Willson, J.

Appellants brought this suit against appellee to recover the sum of $250 for rent of land, and sued out a distress warrant which was levied upon the certain cotton found upon the rented premises. The suit is founded upon a written contract which is as follows, to-wit : "This is to make known that the place and all the improve· ments on the Augenback league of land now occupied and claimed by me, being now in the possession of the sheriff under a writ of possession, and same delivered to Nunn & Williams as attorneys, &c. Now I agree with the said Nunn & Williams to re-enter the possession

as the tenant of Margaret A. R. Allen and Anna Walker and 'husband, Lewis D. Walker, and to hold the possession this year as their tenant, and to pay the sum of two hundred and fifty dollars for the same and on or before the 1st day of next October, but without interest till the 1st of succeeding January, and to the said Nunn & Williams as agents and attorneys as aforesaid of the said Walker and wife and the said Mrs. Allen on or before the 20th day of next December. This the 15 April, 1880.

(Signed)    G. M. Thompson."

Among other matters pleaded in defense to the action by appellee, and which is the only plea we need to consider, is in substance the following : 1. That at the time he executed the contract sued upon, he was in possession of the land, holding and occupying the same as the separate property of his wife in part, and holding and occupying another portion of the same as the property of one Mrs. Houston. 2nd. That a portion of said land was the separate property of his wife, and another portion of the same was the property of Mrs. Houston. 3. That prior to the time of making the contract appellants had recovered a judgment against himself and others for the entire league of land with a writ of possession therefor. 4th. That his said wife was not a party to said suit and that her rights were in no manner affected by the judgment and decree therein rendered. 5th. That he planted crops upon the land, and that the sheriff accompanied by appellants' attorney came upon the premises with a writ of possession to dispossess him of the premises, and that said attorney told him that his wife's claim to the land had been concluded by the said judgment, and that appellants were legally entitled to possession of the whole of the land, &c., and that in order to hold possession, and save his crops he entered into the aforesaid rent contract, and that he was induced to do this under the belief produced by the representations of said attorney that his wife's right to the land had been concluded by the aforesaid judgment.

We have given only the material portions of this plea, it being quite lengthy, setting out in detail all the facts which produced the contract sued upon.

Appellants excepted to this plea generally, and also specially as follows : 1. The matters and things alleged as to the former suit are wholly irrelevant and constitute no sort of defense to this action

and specify no grounds for relief. 2. The allegations as to the conversations, between the defendant and plaintiffs' attorney, are not in law any defense to this action. 3. It is not made to appear that the defendant was in any relation to plaintiffs' attorneys to make it proper for him to seek advice of him, nor that it was permissible for plaintiffs to advise, nor that the defendndant had right to rely on any statements, nor is it made to appear that any statements were made upon which he had right to rely or could be prejudiced. 4. The defendant seeks to make an issue in this case as to title to land when the same is in no wise involved in this suit, and this court is without jurisdiction to try the same. 5. The defendant is seeking to make a defense against his own written contract by alleging a title in other parties than himself, notwithstanding he has received the possession from plaintiffs', and has used the same for the period stipulated without disturbance from any one.

Said exceptions were overruled, and upon a trial of the case before a jury appellants recovered judgment for the sum of $128.91 that being the amount of rent due on the contract after deducting for the rent of the land which appellee claimed as the separate property of his wife.

Numerous assignments of error are presented by appellants for our consideration, several of which, we are of the opinion, are well taken. Entertaining the view of the case that we do, we deem it necessary to discuss and determine but one, and that is, that the court erred in overruling appellants' exceptions to appellee's plea, the substance of which plea we have recited.

We are of the opinion that the court erred in overruling the exceptions, both general and special to said plea. Admitting every statement in the plea to be true, we think it presented no defense, either legal or equitable, to the plaintiffs' cause of action. It is a well settled general rule of law that a tenant cannot dispute the title of his landlord. To this general rule there are, it is true, well defined exceptions. In the case under consideration, appellee, by his written contract, became the tenant of appellants, expressly attorning to them, as his landlords, and expressly acknowledging that he received possession of the premises from them. He entered upon, used, occupied, and enjoyed the premises under that contract for the full period of time designated therein. It is unquestionably true therefore that by virtue of the contract the relation of landlord and

tenant existed between appellants and appellee, and the general rule above stated must apply, that appellee, the tenant, cannot be permitted to dispute the title of appellants, the landlords.

Does appellee by his plea bring himself within any or the exceptions to the general rule ? We will examine and see. If the contract had been induced by the fraud or misrepresentation of appellants, or their agent or attorney, this would be an exception to the general rule stated, and appellee would not be estopped in such case from denying the title of appellants. So if appellee had made said contract under a mistake as to a material fact, he might not be estopped. Now the plea under examination does not allege any fraud on the part of appellants or their attorney in obtaining the contract, or any facts which constitute fraud in law. Nor does it allege any mistake of fact on the part of appellee which induced him to make the contract. That appellants' attorney represented, and stated it as his opinion, that appellants had a right to the possession of all the land, and that appellee's wife was concluded as to her claim by the judgment against appellee, constituted neither fraud nor mistake of fact. Appellee had full knowledge, at the time he made the contract, of his wife's alleged title to the land, and he had no right to ask for, or to rely upon any statement or representation of appellants' attorney as to the validity of such title, or the legal effect of the judgment. It is very apparent to us that the plea does not allege facts which bring the appellee within either of the above named to the general rule before stated, and it is not pretended that he is within any other exception to the general rule. Franklin vs. Hurlburt, White & Williams, Con. Rep., Sec. 816; Haskins vs. Bigham, Ibid, Sec. 1027; McKie vs. Echols, Ibid, Sec. 1283; Woods' Landlord and Tenant, Sec. 236 et seq; Little vs. Allen, 56 Texas, 133; Herman on Estoppel, Secs. 360–361; Bigelow on Estoppel, p. 370 et seq; Lyles vs. Murphey, 38 Texas, 75.

We are of the opinion that the plea of appellee was wholly insufficient, and that the general demurrer to it should have been sustained. We are further of the opinion that each of the special exceptions to the plea were well taken There were but two defenses against the contract that appellee could be allowed to interpose, first fraud, second, mistake of facts. Neither of these defenses are shown by the allegations of the plea, nor do we apprehend from an inspection of the statement of facts that either of them could be

established by evidence.   Believing that our view of the case elim-
inates from it the other questions so ably and elaborately discussed
by counsel on both sides, we have thought it unnecesary that we
should consume time by an examination and determination of those
questions.

Because the court erred in overruling the appellants' exceptions
to appellee's plea, the judgment is reversed and the cause remanded.