### R. B. SWAN v. I. N. BUSBY.

#### No. 268.

**State School Land — Settlement — Rights from Actual Possession.** — B., who resided in another State. and owned by intermediate purchase a section of school land bought from the State by one R., under the Act of 1883, placed the land in possession of C. as his tenant, under a lease that forbade subletting. S. sought to acquire the land from the State, on the theory that the law as to actual settlement had not been originally complied with by R.; and having bought from C. the possession of the land, S. occupied, with some of his own children, the houses thereon, and made under the Act of 1887 an application to the State for the purchase of the land, which does not appear to have ever been acted on. The homestead of S. was in the town of V., where his wife continued to reside. B. brought suit against S. for the land, and recovered a judgment therefor, from which S. appealed. *Held:*

1. That as S. was himself not an actual settler under the terms of the Act of 1887, it was unnecessary to consider whether R. was an actual settler under the provisions of the law of 1883.

2. The possession of S. was so intimately connected with that of C., the betrayal of whose tenancy he had bought, that it should be regarded with no greater favor, and as he had acquired no superior title, it should not be held to avail him against the right and title of B., the landlord.

APPEAL from Wilbarger. Tried below before Hon. G. A. BROWN.

*Lucky, Sadler & Berry*, for appellant.—1. The court erred in giving judgment for the plaintiff against the defendant for the land in suit, because the land was never actually settled by J. T. Roberts, the original purchaser from the State under the Act of 1883, nor has the land been actually settled by the vendees or assignees of the said Roberts. Act of April 12, 1883, sec. 6; 2 Sayles' Civ. Stats., 691; Baker v. Millman, 77 Texas, 46; Martin v. McCarty, 74 Texas, 128.

2. The court erred in not requiring the plaintiff to recover upon the strength of his own title, and not upon a mere pretended possessory right held by him by virtue of a contract of lease existing between one Cooper and the plaintiff. Kenney v. Vinson, 32 Texas, 126; Hooper v. Hall, 35 Texas, 82; Hughes v. Lane, 6 Texas, 290; Burleson v. Burleson, 28 Texas, 413; Hillman v. Meyer, 35 Texas, 539; King v. James, 78 Texas, 285; Wilson v. Palmer, 18 Texas, 592.

3. The court erred in concluding that the relation of landlord and tenant existed between the defendant and the plaintiff, and that the defendant could not dispute the title of the plaintiff, when in truth and in fact that relation never existed between the plaintiff and the defendant. That the relation of landlord and tenant might exist, it was necessary for Swan to hold the premises as the purchaser of Cooper's rights under the lease.

*Stephens & Huff*, for appellee.—1. Settlement is constituted by the person who purchases from the State occupying the land as a residence, or with a view to residence. Burleson v. Dunham, 46 Texas, 160; Definition of Occupancy, Occupant, Occupier, etc., 17 Am. and Eng. Encycl. of Law, 28, 29.

2. A party who has title by possession only can maintain an action of trespass to try title against a mere naked trespasser. Parker v. Railway, 71 Texas, 132.

3. After a tenant has acquired a title hostile to his landlord's, he can not set it up against his landlord until he has first restored possession. Flanagan v. Pearson, 61 Texas, 304; Juneman v. Franklin, 67 Texas, 415; Mooring v. McBride, 62 Texas, 312.

TARLTON, CHIEF JUSTICE.—The appellee, Busby, recovered in this action of trespass to try title, judgment for section number 2 in block number 15, State school land, lying in Wilbarger County. Hence this appeal.

April 6, 1886, J. T. Roberts, under the Act of April 12, 1883, made application to the State Land Board to purchase the section in question, and the land was accordingly awarded to him by the Board on May 1, 1886.

The appellee claims under Roberts by a chain of conveyances as fol-

lows: (1) Deed from J. T. Roberts to Richard Geoghegan, dated November —, 1887; (2) from Richard Geoghegan to Olivia B. Richardson, dated March 24, 1888; (3) from Olivia B. Richardson and husband, F. K. Richardson, to I. N. Busby. These instruments, duly acknowledged, and recorded in Wilbarger County, were filed in the General Land Office October 18, 1888.

All amounts due under the award to Roberts have been paid by him or by the appellee, Busby, and the latter, as indicated by the records of the General Land Office and the Treasury Department at Austin, is the owner of the land. Busby has continuously resided in the State of Iowa, where he now lives.

J. T. Roberts moved from Georgia to Wilbarger County, Texas, in the spring of 1886, with his family, consisting of a wife and children. It was his intention to acquire a section of school land as a home. Meanwhile, before making the application to purchase above referred to, he entered into a contract with a brother-in-law, one Bob Jones, whereby he was permitted to build a house on a lot belonging to the latter, and situated in the town of Vernon. By the terms of this agreement Roberts was entitled to use this house as a residence for his family, with the option of purchasing the property and taking a deed from Jones when he should move his family to the section, or of himself receiving pay for the house from Jones.

His family were occupying this property at the time of his application to purchase. He did not remove them to the section, because of the delicate health of his wife. He, however, as soon as he made the application, began to prepare the property for occupancy, with the intention of making it his home. It was his habit to leave Vernon on Monday morning, and to remain at work on the section during the week, until Saturday night. He slept in his wagon while on the section. He proceeded to fence the land and to prepare it for cultivation, when, after the lapse of fifteen months, having fenced 40 acres and broken 20, and planted a crop, he exchanged the section for one which belonged to a Mr. Tom Jones, and which he preferred. He moved his family to the latter section, on which he has ever since resided. He then took a deed from his brother-in-law to the house and lot in Vernon, and by direction of Tom Jones, with whom he had exchanged, he executed to Richard Geoghegan the conveyance already set out.

After the execution of the deed to Busby by Olivia Richardson and her husband, F. K. Richardson, the latter, as the agent of Busby, assumed control of the section. He caused the entire section to be fenced, and built a dwelling house of three rooms, and a stable and crib, upon it.

November 11, 1890, one L. D. Cooper, by contract in writing, leased the section from Busby, taking possession and agreeing to hold and oc-

cupy it as the tenant of the latter for the period of seven months. Two months before the expiration of this lease (which in terms forbade subletting), Cooper, in consideration of $60 paid to him by the appellant, Swan, abandoned the property and yielded possession to the latter. Swan, with five of his children, went into the house, using bedding and a cook stove left with him by Cooper, but the property of Busby. He then proceeded to make application for the purchase of the section under the Act of 1887. He forwarded his application and obligation to the Commissioner of the General Land Office, and a remittance of one-fortieth of the purchase money to the Treasurer, but they do not appear to have been received by these officers. Swan never in fact resided upon this section. While he occupied the house upon the land, his homestead was in the town of Vernon, where his wife resided and continued to reside.

*Opinion.*—We abstain from considering, as unnecessary to a disposition of this appeal, the question whether, under the facts stated, J. T. Roberts should be considered an actual settler within the provisions of the Act of 1883. Certainly, if he was not such a settler, the defendant Swan can not be so regarded within the terms of the statute of 1887, which emphatically requires an actual residence upon the land sought to be acquired. Baker v. Millman, 77 Texas, 46; Metzler v. Johnson, 1 Texas Civ. App., 137; Atkeson v. Bilger, decided by us at this term [4 Texas Civ. App., 99]; Burleson v. Dunham, 46 Texas, 152.

The possession of the appellant Swan is so intimately connected with that of Cooper, the betrayal of whose tenancy he bought for $60, that it should be viewed with no greater favor. And as, after the repudiation of his landlord's title, Cooper, without acquiring a superior title from some other source, would have been unable to resist a recovery by his landlord, Busby, resting alone upon the relation of tenancy and upon prior possession, the appellant's attitude must be deemed equally weak. Flanagan v. Pearson, 61 Texas, 305; Tyler v. Davis, 61 Texas, 674; Juneman v. Franklin, 67 Texas, 415; McKie v. Anderson, 78 Texas, 207; Fowler v. Simpson, 79 Texas, 611; Parker v. Railway, 71 Texas, 132.

This conclusion requires an affirmance of the judgment, which is accordingly ordered.

*Affirmed.*

Delivered November 22, 1893.