**H. L. NULL & CO. et al. v. J. S. GARLINGTON & CO. (No. 1980.)**

(Court of Civil Appeals of Texas. Amarillo. May 31, 1922.)

**1. Landlord and tenant ☞291(14)—Damages accruing during appeal recoverable in action for breach of rental contract.**

In suit by landlord for withholding possession, plaintiff was entitled to recover damages for rents accruing during the pendency of appeal to county court under Rev. St. art. 3960.

**2. Landlord and tenant ☞290(½)—Right to recover damages for withholding possession rests on right to possession at time of suit.**

The right of a landlord to recover damages for withholding of possession rests upon his right to possession when the action was instituted, and before he is entitled to recover damages he will be required to show upon trial the right of possession when he filed his complaint.

**3. Landlord and tenant ☞80(3), 291(4)—Tenant renting to another creates relation of landlord and tenant, and tenant only entitled to sue for possession.**

Where one tenant rents to another at a stipulated rent, such contract creates the relation of landlord and tenant to the extent of the property so rented, and an action for possession must be brought by him whose possession has been disturbed, and not by the owner.

**4. Landlord and tenant ☞63(1)—Tenant cannot dispute landlord's title under which he holds.**

One who rents from another and thereby obtains possession cannot dispute his landlord's right of possession or title.

**5. Landlord and tenant ☞80(3), 103(2)—Violation of tenancy by sublessee gives lessee under forfeiture clause right of termination and damages for breach.**

If sublessee violates his contract of tenancy, this, under the forfeiture clause, gives the lessee the right to declare the tenancy at an end and recover possession, or such lessee may have the right to sue for his damages upon a breach of the covenant or conditions at his election.

**6. Landlord and tenant ☞291(1)—Landlord required to give notice in writing when he elects to recover possession.**

Under Rev. St. arts. 3940, 3942, when a landlord elects to recover possession from a tenant whom he has placed in possession of property, he must give notice in writing to the tenant for possession, and this is required to be established by evidence in order to give the right of action against one willfully detaining the premises.

**7. Landlord and tenant ☞291(3)—Tenant may waive notice of election of landlord to terminate rental contract either by terms of lease or otherwise.**

A tenant may waive statutory notice by the landlord of election to terminate a rental contract either by provisions to that effect in the lease or otherwise.

**8. Landlord and tenant ☞291(1)—Landlord entitled to possession on expiration of lease without notice.**

Where a lease has expired, the landlord is entitled to possession without giving notice to quit.

**9. Landlord and tenant ☞291(3)—Notice to terminate lease not necessary where tenant repudiates landlord.**

Where sublessees breached a rental contract by paying the owner of the premises instead of the lessee, and asserted the right to hold independent of and adversely to the lessee, they were estopped from claiming a notice in order to terminate the lease.

**10. Landlord and tenant ☞79(1)—Instrument held sublease, and not an assignment.**

Where the plaintiff, holding under a lease from the owner of the premises, leased to the defendants a part thereof, and provided that the rent should be paid monthly, and in case of default in any of the covenants the lessor could enforce the performance thereof in any of the modes provided by law, and could declare the lease forfeited, *held* to be a sublease, and not an assignment.

**11. Landlord and tenant ☞291(14)—Attorney's fee and damages recoverable in action for withholding premises.**

Attorney's fees and damages in an action in the county court for wrongfully withholding possession under a lease are recoverable.

**12. Landlord and tenant ☞291(14)—Expiration of lease during appeal cannot defeat right of landlord to recover damages for withholding possession.**

The fact that the term of a lease expired during the appeal of an action thereon for its breach, and a judgment for restitution could not be had, will not defeat the right to recover the damages for withholding possession in the county court.

**13. Landlord and tenant ☞291(14)—Landlord terminating rental contract only entitled to recover market rental value for time possession withheld.**

Where a landlord declared the rental contract with tenant at an end, he was only entitled, in a suit to recover damages for the breach thereof, to the reasonable or market rental value of the premises for the time possession was withheld.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by J. S. Garlington & Co. against H. L. Null & Co. and others. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Kay, Akin & Kenley and Carlton & Putty, all of Wichita Falls, for appellants.

Ewing Clagett, of Wichita Falls, for appellees.

HUFF, C. J. On the 22d day of June, 1918, Mrs. Emeline McIntosh leased to J. S. Garlington a one-story brick building in Wichita Falls, known as Nos. 620 and 622 Ohio avenue, about 50x125 feet on lots 8 and 9, block 152, for the term of two years from the 12th day of July, 1918, room 622 to be used by the Consumers' Cash Grocery, and 620 to be used for automobile business, the rent for the term being $2,400, payable monthly, $100 in advance. The lease was made upon the conditions and covenant of the payment of rents in advance, and, among other conditions, it is stipulated that the lessee shall not assign his agreement or underlet the premises or any part thereof without the consent of the lessor in writing.

On the 12th day of July, 1919, J. S. Garlington & Co. leased to H. L. Null & Co. room 620, 25x125 feet, for the term of one year, to be used for an automobile business, rent to be paid therefor $1,800, payable monthly, $150 in advance, upon the conditions and covenants following: The lessee shall pay rents monthly in advance as the same falls due, and in case of default in any of the covenants the lessor may enforce the performance thereof in any of the modes provided by law and may declare the lease forfeited, etc. The lease contract from Mrs. McIntosh to Garlington contained the same conditions and covenants as does Garlington's lease to Null & Co., with reference to enforcing the performance of the covenants, and has also the following: The lessor, Mrs. McIntosh, may declare the lease forfeited at her discretion, and she shall have the right "for breach of covenant or her agent or attorney may resume possession of the premises and relet the same," etc. On April 13, 1920, Mrs. McIntosh notified Garlington that he had breached his contract of lease and thereby declared the contract void and demanded the return of the possession of the building. On March 20, 1920, Mrs. McIntosh leased the premises—that is, No. 620—to Null & Co. for the term of one year from the 12th of March, 1920, for $2,000, payable $150 per month, until July 12, 1920, and $175 per month for the remaining months, and upon substantially the same conditions and covenants mentioned in the former lease contracts. On the 8th of March, 1920, Mrs. McIntosh executed a bond to H. L. Null & Co. to indemnify against costs, expenses, damages, and attorney's fees that he

may be caused to pay by reason of any suit against him by any other person for possession of the property leased under the above contract for and during the term of the lease. After Garlington leased to Null & Co. he paid the rent to Mrs. McIntosh under his lease with her and collected the rent from Null & Co. under the lease executed by him to Null & Co. until February, 1920, when Mrs. McIntosh refused to accept further rent from Garlington. The rent for February was paid by check and sent to Mrs. McIntosh, which she received and did not return, but never cashed it, and on the trial tendered the check in court unpaid. Null & Co., after their lease with Mrs. McIntosh, paid the rent to her and refused to pay rent to Garlington under the lease executed by him. On the 20th day of March, 1920, Garlington & Co. brought a suit for forcible entry and detainer against Null & Co. in the justice court, precinct No. 1, Wichita county, Tex. In the complaint is alleged the execution of the lease by Garlington to Null & Co., above set out; that the complainants made demand upon Null & Co. March 13, 1920, for the rent falling due the 12th of March, which Null refused to pay; thereupon complainants exercised their option given in the lease and declared the same forfeited and demanded possession and made demand in writing upon Null & Co. for possession, which they failed to deliver, but willfully without force hold over the premises; that Garlington & Co. hold the premises under a written lease from the owner thereof, which lease remains in full force until July 12, 1920, by virtue of which the complainants are entitled to possession. The complainants say they are entitled to rent at the rate of $150 per month for such period of time as Null & Co. hold the premises after demand having been made for payment of rent. They pray for citation, for judgment for rent and restitution of the premises, etc.

On the 3d day of April, 1920, upon trial in the justice court, judgment was rendered that J. S. Garlington & Co. have restitution of the premises No. 620 Ohio avenue, and also that Garlington recover of Null & Co. the sum of $122.50 for amount of rent due complainant at the date of the judgment and ordering execution and the writ of restitution. Appeal was perfected from this judgment to the county court by filing an appeal bond conditioned as required by the statute with the justice of the peace April 6, 1920. In the county court complainants made oral statement of their pleadings as follows:

"The plaintiffs' complaint filed in the justice court is supplemented on this trial by the oral statement to the jury that in this cause of action on appeal plaintiffs sue for $600, covering damage for the withholding of the premises herein sued for during the pendency of this appeal until the 12th day of July, 1920, when plaintiff's lease terminates. Plaintiffs sue for

damages at the rate of $150 per month for withholding said premises from the 12th day of March, 1920, to the 12th day of July, 1920, and for $75 as expenses of the appeal in defending this cause of action in the county court at law and for costs of suit."

It appears from the record that in the county court Null & Co., upon motion, asked that Mrs. McIntosh be made a party, setting up their lease and their holding under her, the payments made by them of the rents to her, and the execution of the indemnity bond above mentioned. We infer she was made a party in the county court or that she appeared. We find no order to that effect, however, in the record. The appellants also made a motion to dismiss, etc. It appears that Null & Co. and Mrs. McIntosh orally pleaded jointly in effect that Mrs. McIntosh, the owner, leased the property to appellees for the term of two years, and specially pleading the provision that the lessees thereunder should not assign or sublet the property; that appellees sublet to Null & Co. and did not obtain the consent of Mrs. McIntosh in writing to do so; that thereby appellees breached the contract. And they further allege that Null & Co. leased direct from the owner under the contract above set out. Null & Co. also set up the lease with Mrs. McIntosh, the payment of rent to her, and also the execution of the indemnity bond, and asked, in case appellee obtained judgment against Null & Co., that they have judgment over against Mrs. McIntosh for a like amount. The appellee pleaded estoppel in that Mrs. McIntosh waived her right to require written consent to sublet for the reason that she knew long before she attempted to cancel the lease with appellees that they had sublet to Null & Co., and that she accepted rentals paid by appellees after such knowledge, and was thereby estopped.

The only issue submitted to the jury was the one of waiver. The jury found that Mrs. McIntosh waived the right to declare a forfeiture of the lease contract with appellees because of their breach in assigning the same to Null & Co. Upon this finding the county court May 19, 1921, rendered judgment reciting that it appeared H. L. Null & Co., as principal, and Emeline M. McIntosh and P. A. McIntosh, as sureties, executed their appeal bond conditioned that appellants would prosecute their appeal with effect and pay all costs and damages adjudged against them, and, it appearing that appellee has been damaged $630, together with $50 at the cost of employing attorneys to defend the suit in the county court, etc., rendered judgment against appellants and Mrs. and P. A. McIntosh for the sum of $680, further decreeing a recovery in favor of Null & Co. over against Mrs. McIntosh for the amount above adjudged against them.

The case is presented in this court as presenting: (1) That the pleadings and evidence show that the questions in controversy were beyond the jurisdiction of the court in that the action was originally brought as one for forcible detainer and incidental thereto rent for $600, a sum beyond the jurisdiction of the justice court; that the county court, having failed to render judgment for restitution or possession, was without power to render judgment for any sum for rent and damages; (2) that the cause should have been dismissed on the motion of appellants because there was no demand in writing for possession as a prerequisite to bring suit for forcible detainer; (3) that, as there was no allegation or proof of the market value of the lease after March 19, 1920, the court was not authorized in rendering judgment for $680 for rent and damages; (4) that appellee, having assigned his lease, had no right to maintain a forcible detainer suit; (5) that, if the appellee should recover anything, it was shown that they could not recover exceeding $400 for rents, as they were due $50 per month on the building under the contract with the owner under the original lease.

[1] On the question of jurisdiction we believe under the complaint filed the suit was not, as originally instituted, for $600 rent, but was for possession and for rent for such period of time as appellants should hold after demand. The action was primarily for possession of the property and only for rents in the interim, and not for the entire term, as apparently the appellants interpreted the action. If possession had been obtained, the right to recover rents would no longer exist. Article 3944a, Vernon's Sayles' Ann. Civ. St. 1914, permits a suit for rents to be joined with an action for forcible entry and detainer whenever they are within the jurisdiction of the justice court. Prior to this statute rents could not be recovered in the action, and nothing was in issue but the right of possession. Clarke v. Snow, 24 Tex. 242; Thurber Co. v. Conners, 57 Tex. 96; Wilson v. Beauchamp, White & W. Civ. Cas. Ct. App. § 713. However, there is a contrary holding. Lyles v. Murphy, 38 Tex. 75. The conflict is set at rest, however, by the statute by permitting the joining of the two. This yet leaves the question whether the case should be determined under the complaint originally filed for rent or on the oral statement for damages and under article 3960, Revised Civil Statutes, which reads:

"On the trial of said cause in the county court the appellee shall be permitted to prove the damages for withholding the possession of the premises from the appellee during the pendency of the appeal, and for the reasonable expenses of the appellee in prosecuting or defending the cause in the county court; and, if the possession of the premises be not adjudged to the appellant, the said court shall render judgment also in favor of the appellee

and against said appellant and the sureties on his bond for the damages proven and all costs."

The quoted statute was part of the forcible entry and detainer law before article 3944a was adopted in 1911. It would seem theretofore, though the issue in the justice court was one of possession, and rents could not be recovered, yet upon appeal to the county court damages arising during the pendency of the appeal occasioned by withholding the possession could be recovered, and it was made obligatory on the county court to render such judgment. Even though the trial is de novo, the law seems to have added damages as part of the cause of action upon appeal. It in this particular is distinguishable from appeals in ordinary actions, as this is a special action created by the statute and governed by its provisions. Steele v. Steele, 2 Willson, Civ. Cas. Ct. App. § 348; McRae v. White (Tex. Civ. App.) 42 S. W. 793; Shotwell v. Crier (Tex. Civ. App.) 216 S. W. 262. It is our view, if the complainants' right of possession expires during the pendency of the appeal, this should not abate the right given by the statute to recover damages occasioned by withholding possession by appeal. The right of possession does not become moot, but damages occasioned by being deprived of possession the complainant is entitled to have determined in the county court. The appeal under the statutes adds to the action damages occasioned by withholding possession, and requires a bond to secure that right. Having given the appellants the right to appeal, and having permitted them to prosecute the appeal, we think they stand in a sense in the same attitude as does a party who has assigned his right to another during the pendency of the suit. If appellants are granted such a right, they should not be accorded the right at the same time to contend because of the expiration of the limited estate held by the appellees that their rights which accrued by reason of the appeal are defeated for all purposes. It may be, as in Shotwell v. Crier, supra, the appellees could have sued in a different action for the damages so occasioned, but this will not deprive them of their statutory right in the county court on the bond. We believe the general rule applicable to the transfer of the interest of a plaintiff or of a part thereof which now prevails in this state and others should apply in this case, and not the common-law rule that such transfer will abate the suit. The general principles upon which this holding is made, we think, are sustained by Lee v. Salinas, 15 Tex. 495; Seiter v. Smith, 105 Tex. 205, 147 S. W. 226.

[2] But the right to recover damages rests upon the right to possession when the action was instituted in the justice court, and before the appellees are entitled to recover damages they will be required to show upon trial the right of possession when they filed their complaint.

[3] It is the rule in this state, where one tenant rents to another at a stipulated rent, such contract creates the relation of landlord and tenant to the extent of the property so rented (Grabfelder v. Gazetti [Tex. Civ. App.] 26 S. W. 436), and the action for possession must be brought by him whose possession has been disturbed, and not by the owner (Hays v. Porter, 27 Tex. 92; Walther v. Anderson, 52 Tex. Civ. App. 360, 114 S. W. 414).

[4] One who rents from another and thereby obtains possession cannot dispute his landlord's right of possession or title. McKie v. Anderson, 78 Tex. 207, 14 S. W. 576; Flanagan v. Pearson, 61 Tex. 305; Swan v. Busby, 5 Tex. Civ. App. 63, 24 S. W. 303.

[5] If the tenant violates his contract of tenancy, this, under the forfeiture clause in the contract in this case, would give the appellees the right to declare the tenancy at an end and recover possession. Such landlord may have the right to sue for his damages upon a breach of the covenant or conditions, at his election. Ewing v. Miles, 12 Tex. Civ. App. 19, 33 S. W. 235; Brady v. Nagle (Tex. Civ. App.) 29 S. W. 943.

[6] So we take it our statutes require, when the landlord elects to recover possession of a tenant whom he has placed in possession of property, that he give notice in writing to the tenant for possession. This seems to be required to be established by evidence in order to give the right of action against one willfully detaining the premises. Articles 3940 and 3942, R. C. S.; Beauchamp v. Runnels, 35 Tex. Civ. App. 212, 79 S. W. 1105; Clayton v. Hurt (Tex. Civ. App.) 33 S. W. 876. The notice does not seem to have been required under a preceding law (Hendrick v. Cannon, 5 Tex. 248), and in the case of Warren v. Kelly, 17 Tex. 544, it was in effect held, when a party forcibly enters the premises under article 3940, that the relation of landlord and tenant is not established, and hence notice for possession was not required in that case, but it was held in effect the provision as to notice applied to a willful detention. See, also, Steele v. Steele, 2 Willson, Civ. Cas. Ct. App. §§ 345, 347.

"The statute frequently requires a notice to quit or a demand for possession as a prerequisite to a proceeding to recover possession against a tenant holding over. Such notice to quit constituting a prerequisite to a proceeding of this character is to be distinguished from that which is necessary at common law to terminate a periodic tenancy, or under the statute of a number of states, to terminate a tenancy at will. * * * The distinction referred to between the notice necessary to terminate the tenancy and that to lay a foundation for the summary proceeding has ordinarily, however, been fully recognized by the courts. It has been expressly decided that the

giving of notice of the former class does not dispense with the necessity of one of the latter class." 2 Tiffany, Landlord and Tenant, § 274 (3), p. 1745.

The assertion of a title or right adverse to the landlord by the tenant or an attornment to another will give the landlord the right to recover possession without notice. Id. § 192, p. 1355.

[7] It has also been held that a tenant may waive the giving of statutory notice, either by a provision to that effect in the lease or otherwise.

"The rule which applies in the case of a notice necessary to terminate a tenancy that it is waived by the tenant's disclaimer of the tenancy has been decided to apply to such a notice as is here under discussion." Id. p. 1791 (g); Brown v. Keller, 32 Ill. 151, 83 Am. Dec. 258; Rabe v. Fyler, 10 Smedes & M. (Miss.) 440, 48 Am. Dec. 763; Harrison v. Marshall, 7 Ky. 524.

[8] Our Supreme Court has held, where a lease expires, the landlord is entitled to possession without giving notice to quit. Shipman v. Mitchell, 64 Tex. 174.

[9] In the present case the appellants refused to pay to appellee the rents, though requested to do so. They had also entered into a contract with the owner of the land, paying rent to her and repudiating their contract with appellee, and in effect denying the relationship of landlord and tenant. It is said in effect in the above cases a disclaimer is equivalent to a demand and a refusal. Appellants asserted the right to hold independent of and adversely to appellees. They were therefore estopped from claiming a notice in order to terminate the lease. It seems to us the only effect of the notice required preceding a suit is to notify the tenant that the premises are demanded, and that the landlord claims the right of possession thereto. Where, as in this case, demand is for the rent, and the lessee repudiates the appellees as their landlord, it would seem that notice would be unnecessary as an evidence that the relation of landlord and tenant had ceased. It ceased by the tenant's own repudiation of the contract, and the landlord was then entitled to possession of the land.

[10] The appellants in this case contend the lease from Carlington & Co. to Null & Co. is an assignment, and not a subletting, and therefore the relation of landlord and tenant did not exist between appellant and Garlington after such assignment. This proposition is probably true if the instrument is an assignment, and not a subletting. Whatever conflict there may be in other jurisdictions, we believe it now definitely settled in this state that instruments with like provisions to the one here in question are held to be subletting, and not an assignment. Our Supreme Court has said, discussing a contract with similar provisions to this:

"If by any limitation or condition in the conveyance the entire term, which embraces the estate conveyed in the contract of lease as well as the length of time for which the tenancy is created, may by construction be said not to have passed from the original tenant, but that a contingent reversionary estate is retained in the premises the subject of the reversion, the instrument must be said to constitute a subletting, and not an assignment."

Again it is said in that case:

"It will be observed that in stating the general rule as to what constitutes an assignment of a lease as distinguished from a sublease, the requirement is that the instrument must convey the whole term, leaving no interest or reversionary interest in the grantor. By the word 'term' as used in the statement of this principle of law is meant something more than the mere time for which the lease is given, and the instrument must convey not only the entire time from which the lease runs, but the entire estate or interest conveyed by the lease." Davis v. Vidal, 105 Tex. 444, 151 S. W. 290, 42 L. R. A. (N. S.) 1084.

[11, 12] Attorney's fees and damages for withholding possession are recoverable under the statutes in the county court, as above pointed out and as held in the authorities cited. As above suggested, the fact the term of the lease expired during the appeal and a judgment for restitution may not be had will not defeat the right to recover the damages for withholding possession by the appellee in the county court under the statutes if when the suit for possession was first filed the appellees were entitled to possession.

The fourth and sixth assignments assail the judgment of the trial court for $680: (1) Because the appellee elected to declare the lease contract at an end, and, there being no evidence as to the reasonable market value of the use of the premises after March 19, 1920, the date of the election, the evidence will not support the judgment; (2) that a judgment for $630 is without support in that appellee owed Mrs. McIntosh $50 per month, which appellants had paid to her, and would not be due appellees an amount in excess of $400 for the use and rent of the premises; that, as the subtenants of appellees attorned to the owner, the measure of their damages, when they had not made any payments to the landlord during the default, would not be the total amount which their subtenant was to pay them. It is our view under article 3960 and the oral pleadings in this case in the county court appellees are permitted to recover the damages sustained by withholding the possession of the premises during the appeal. This, however, does not authorize a recovery upon the rental contract for the rent. The landlord in such case has elected to forfeit the contract and seeks to recover the possession of the premises. They were therefore entitled to the value of the use of the premises, not as measured by the con-

tract, but its reasonable or market rental value. The facts in this case show appellees rented two rooms, 620 and 622, from the owners at a rental of $100 per month. The contract provides that room 622 should be occupied by the Consumers' Cash Grocery, and the testimony shows that appellees did not own 'this grocery, but rented to it room 622 for $50 per month, and rented to appellants room 620 at $150 per month. The rental contract to appellants by appellee was for $150 per month. The appellants' testimony shows they did not pay this rent to appellee for March, April, May, and June and up to July 12th, when the lease expired by its terms, but that they paid the rent to Mrs. McIntosh for those months at the rate of $150 per month. The son of Mrs. McIntosh testified that they collected for those months the rent from appellants. There is no evidence in the record as to the reasonable market or rental value of the premises after March 19, 1920, when the appellees sued for possession of the premises.

It is true, we think, the rental value of the premises is an element of the damages recoverable in this case. The contract rental may not be the rental value. The proof in this case does not establish the rental value as such, but only that the parties had agreed to pay the rent named in the contract and had paid it. This may be above or below the rental value. We are inclined to believe the evidence does not meet the requirements of the law. Murat v. Micand (Tex. Civ. App.) 25 S. W. 312; Stoker v. Wilson, 3 Willson, Civ. Cas. Ct. App. § 10; Steele v. Steele, 2 Willson, Civ. Cas. Ct. App. § 348; Maynard v. Lockett, 1 Posey, Unrep. Cas. 527.

[13] The appellee, having declared the rental contract with appellants at an end, was only authorized to recover the reasonable or market rental value of the premises for the time he was evicted (Campbell v. Howerton [Tex. Civ. App.] 87 S. W. 370), that is, the mesne profits, that is, those received intermediate the original entry and restoration of the premises (Shotwell v. Crier [Tex. Civ. App.] 216 S. W. 264). That which appellants received was the value of the use of the premises less the amount paid the owner therefor due upon the original lease contract made by appellees and the owner. A recovery of the profits due appellees would have fully compensated them for withholding the premises. In this case we think for withholding the premises from appellees the compensation, for such would be the market or rental value of the rents which belonged to them. They were not required to pay the owner the rent due from them to her, she having received payment from appellants. All that appellees are entitled to recover is compensation for the damages sustained by being deprived of the possession of the premises. We believe the trial court was in error in rendering judgment for $630 as the value of the rents due appellees.

The evidence may be sufficient to support the finding of the jury that Mrs. McIntosh waived the stipulation requiring a written consent from her to sublet the land, and that she did actually consent to the lease of subletting, knowing it had been sublet. We will not discuss the evidence on this issue at this time.

The judgment will be reversed, and the cause remanded for the reasons above given.