## THOMAS O'CONNOR ET AL. v. G. D. LUNA ET AL.
### No. 2763.

1. **Trespass to Try Title—Use and Occupation.**—Where the plea *not guilty* is urged in trespass to try title, in order to support a judgment for use and occupation it is necessary that it be proved that the defendant was in possession of the lands.

2. **Plea of Not Guilty in Trespass to Try Title.** — Construing together the statutes upon the subject, *held,* that the admission of possession by the plea of not guilty authorizes only a recovery of the title and possession of the land upon plaintiff establishing his title.

APPEAL from Victoria. Tried below before Hon. H. Clay Pleasants. The opinion states the case.

*Glass, Callender & Proctor,* for appellants.—1. Under the provisions of the Revised Statutes the defendants' plea of "not guilty" did not admit an actual possession which entitled the plaintiff to recover damages for use and occupation, but only admitted one or the other of two different things—either that the defendant was in possession of the land or that he claimed title to it. And if the plaintiff seeks to recover damages for use and occupation, as well as to recover the land, he must prove that the defendant is in possession of the premises. Rev. Stats., arts. 4794, 4808, 4809.

2. When the defendant pleads to the merits, and there is no proof of possession by the defendant, the plaintiff, if he shows the better title, is entitled only to judgment for the land and costs, and not for damages for use and occupation. Rev. Stats., arts. 4808, 4809; Koenigheim v. Miles, 67 Texas, 113.

3. The statute was only intended to relieve the plaintiff of the necessity of showing either possession or claim of title by the defendant, in a case where the defendant pleaded to the merits. It could not have been intended that the plea of "not guilty" should entitle the plaintiff to recover damages for the use and occupation of the land, which in fact had not been used or occupied, which might lie in the open prairie uninclosed, and not in the actual occupation of anybody.

*Stayton, Kleberg & Dabney* and *Herbert Wilson,* for appellees. — 1. The statutory law of this State is to be construed as a continuation and completion of the common law, and more particularly the statutory action of trespass to try title is to be conducted in conformity to the

principles of the common law action of ejectment, except where these principles are in contradiction to the terms of the statute itself.    Rev. Stats., art. 4785; Hough v. Hammond, 36 Texas, 660; Rev. Stats., Final Title, sec. 19.

2.    The action of trespass to try title is an adaptation of the common law action of trespass *quare clausum fregit* to the purpose of trying titles to lands, and in operation and effect it is in this State a combination of the action of ejectment and the action for the recovery of mesne profits in one suit.    Rev. Stats., art. 4787; Sedg. & Wait on Trial of Title to Land, secs. 81, 92.

3.    On the trial of a common law suit brought for the recovery of mesne profits after recovery in ejectment, the plaintiff after introducing the record of the ejectment suit is entitled, on proof of the rental value of the lands, to recover the mesne profits for the period between the demise laid in the declaration in ejectment and the rendition of judgment in that suit, without proof of actual occupation by the defendant during that time.    The record of the judgment in ejectment is conclusive proof of the defendant's possession from the day of the demise laid in the declaration.    To free himself from responsibility for the value of the use and occupation for the period pending the ejectment, the defendant must show by positive evidence that he himself was not in possession of. the lands during that period, and in addition to this that the profits of the same for that time were received by the plaintiff.    It is only where mesne profits are sought for the period antecedent to the demise laid in the declaration that it is necessary for the plaintiff to follow up his allegation of the defendant's possession by proof.    2 Greenl. on Ev., sec. 333; West v. Hughes, 2 Am. Dec., 539; Miller v. Meyers, 46 Cal., 535; Vance v. Township, 7 Blackf., 241.

4.    The consent rule in the common law action of ejectment operated as an acknowledgment of the ouster of the plaintiff on the day laid in plaintiff's declaration, and as an acknowledgment of a continuing dispossession from the time of the service of the declaration in ejectment. The consent rule having been abolished, it is submitted that that provision of our statute as to the effect of an answer to the merits is intended to be to some extent a substitute for that rule.    Rev. Stats., art. 4794; 2 Stephens' Nisi Prius, p. 1495; Sedg. & Wait on Trial of Title to Land, sec. 36.

5.    The statutes relied on by appellants are not in conflict with the rule of the common law as to mesne profits pending litigation, but have reference to mesne profits for the period antecedent to litigation, and the right of the plaintiff to recover the former is by our statute law recognized as a distinct and separate right from his right to recover the latter. Rev. Stats., art. 1405.

HENRY, ASSOCIATE JUSTICE.—This is an action of trespass to try title. The defendant pleaded not guilty.

Judgment was rendered in favor of plaintiff for the recovery of the land and for the value of its use and occupation from the date of the filing of the original petition.

The only question raised by the assignment of errors relates to the judgment for the value of the use and occupation of the land.

It appears from a bill of exceptions that no evidence was introduced to show that defendants had ever been in the actual occupancy of the land, but the court held that their plea of "not guilty" was sufficient to charge them with possession for the purposes of the judgment from the time of the institution of the suit.

We are unable to concur in this conclusion.

The Revised Statutes direct that in the action of "trespass to try title," among other things, the petition shall state that the plaintiff "was in possession of the premises or entitled to such possession."

Other articles read as follows: "Article 4794. Such plea ('not guilty'), or any other answer to the merits, shall be an admission by the defendant, for the purpose of that action, that he was in possession of the premises sued for, or that he claimed the title thereto at the time of commencing the action, unless he states distinctly in his answer the exact extent of his possession or claim, in which case it shall be an admission to such extent only."

"Article 4808. Upon the finding of the jury, or of the court where the case is tried by the court, in favor of the plaintiff for the whole or any part of the premises in controversy, the judgment shall be that the plaintiff recover of the defendant the title or possession, or both, as the case may be, of such premises, describing them, and where he recovers the possession, that he may have his writ of possession.

"Article 4809. When it is alleged and proved that one of the parties is in possession of the premises, the court or jury, if they find for the adverse party, shall assess the damages for the use and occupation of the premises; and if special injury to the property be alleged and proved, the damages for such injury shall be also assessed."

We think the necessary construction of these provisions of the law is that the admission of possession by the answer authorizes only a recovery of the title and possession of the land, but that damages for the use and occupation of the premises can be recovered only when the facts authorizing such recovery are alleged and proved as other issues are required to be.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered January 17, 1890.

Chief Justice Stayton not sitting.