RICHARDSON et al. v. HOUSTON OIL CO. OF TEXAS.

(Court of Civil Appeals of Texas. Galveston. April 1, 1915. Rehearing Denied April 29, 1915.)

1. APPEAL AND ERROR &⇒742—ASSIGNMENTS OF ERROR—GENERAL ASSIGNMENT.

Assignments of error which do not distinctly specify the error relied on, and which are so indefinite as not to direct the court's attention to the particular errors, and the propositions under which are simply that the court erred in giving the judgment it did, are too general to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. &⇒742.]

2. TRESPASS TO TRY TITLE &⇒22—TITLE TO SUPPORT ACTION—PRIOR POSSESSION.

Where the court found that a cross-complainant in trespass to try title had no title, such complainant is not entitled to judgment because of his prior possession, against the plaintiff, though plaintiff had no title; since the rule that prior possession entitles plaintiff to recover in trespass to try title against a mere trespasser is a rule of evidence only, and does not apply where the presumption of title arising from prior possession is rebutted.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 48–65; Dec. Dig. &⇒ 22.]

3. LANDLORD AND TENANT &⇒63—ESTOPPEL OF TENANT—CLAIMANT UNDER TENANT.

Where a claimant of land who in fact had no title leased it to a tenant, who expressly agreed to hold possession thereof for the claimant, or to give notice of intention to surrender such possession, and thereafter the tenant attorned to another claimant whose claim was also invalid, the landlord is entitled to recover possession from the second claimant, notwithstanding affirmative proof that he had no title; since the estoppel of the tenant to deny his landlord's title applies with full force to those who claim possession through or under the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 159–163, 165–167, 169, 172–176; Dec. Dig. &⇒63.]

4. LANDLORD AND TENANT &⇒62—ESTOPPEL OF TENANT—ACQUISITION OF SUPERIOR TITLE.

A tenant of one who has no title may acquire the superior title and rely thereon in defense to trespass to try title, brought against him by his lessor.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152–158, 168, 170, 189; Dec. Dig. &⇒62.]

5. LANDLORD AND TENANT &⇒62—ESTOPPEL OF TENANT—MISTAKE OR FRAUD.

One who is induced by mistake or fraud to become a tenant is not estopped to deny his landlord's title.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152–158, 168, 170, 189; Dec. Dig. &⇒62.]

6. APPEAL AND ERROR &⇒722—ASSIGNMENTS OF ERROR—SUFFICIENCY—RULES.

Assignments of error not presented in accordance with the rule are not entitled to consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. &⇒ 722.]

Error from District Court, Hardin County; J. Llewellyn, Judge.

Trespass to try title by J. W. Richardson and others against the Houston Oil Company of Texas, in which the defendant filed a cross-petition. Judgment for the defendant on its cross-petition, and plaintiffs bring error. Affirmed.

B. L. Aycock and B. A. Coe, both of Kountze, for plaintiffs in error. H. O. Head, of Sherman, and Parker & Kennerly and John L. McMeans, all of Houston, for defendant in error.

---

PLEASANTS, C. J. This is an action of trespass to try title brought by plaintiffs in error against defendant in error to recover an undivided one-half of the T. R. Edmondson 1,476-acre survey in Hardin county. The original petition was filed on September 12, 1909, and the second amended petition, upon which the case was tried, on October 11, 1911. By its first amended answer, filed on May 22, 1912, defendant, in addition to a general demurrer, special exception, and general denial, sought by a cross-action to recover of plaintiffs and of Annie Brackin, James Brackin, J. D. Jordan, and B. L. Aycock the title and possession of the whole of said Edmondson survey. On July 14, 1913, after the trial of the cause began and all the evidence had been introduced, the plaintiffs were allowed to take a nonsuit, and thereafter, at the request of defendant, the further hearing of the case was postponed until July 23, 1913, on which date defendant, by permission of the court, filed what is termed "a trial amendment," in which it dismissed its cross-action as to all of the land in controversy except a tract of 493⅓ acres, which it described in said amendment by metes and bounds. The cause then proceeded to trial without a jury, and judgment was rendered in favor of defendant against plaintiffs and the parties above named for the tract of 493⅓ acres claimed by defendant.

The evidence shows that the T. R. Edmondson 1,476-acre survey in Hardin county was patented by the state to T. R. Edmondson on April 17, 1848. Plaintiffs are heirs of T. R. Edmondson, a native of the state of Virginia, who immigrated to Texas prior to 1849, and lived in Nacogdoches county, where he died or was killed many years ago. The defendant has conveyances to the land from the heirs of T. R. Edmondson, who was a native of the state of Indiana, and moved to Texas in 1830. The trial court filed conclusions of fact which contain the findings that neither the Virginia T. R. Edmondson, under whom plaintiffs claim, nor the Indiana T. R. Edmondson, through whom defendant claims, was the person to whom the land in controversy was granted, and that the T. R. Edmondson who was grantee of said land never parted with his title thereto. No question is made as to sufficiency of the evidence to sustain these findings. The court also made the following fact findings:

"I find further from the evidence that on June 6, 1907, the defendant James Brackin and Annie Brackin, his wife, by written contract of tenancy with the Houston Oil Company of Texas, contracted and agreed to occupy and hold for the Houston Oil Company of Texas the tract of 493⅓ acres of land which has been awarded by the judgment herein to the Houston Oil Company of Texas, said written contract stipulating that the said Brackins acknowledged the said Houston Oil Company of Texas to be the legal and equitable owner of said tract of land, and further stipulating that the said Brackins were to hold the same as tenants for said Houston Oil Company of Texas until the 1st day of January 1911, that said tract of land was to be used by the said Brackins for farming purposes only, and that in consideration of their occupying the same, and protecting the same from trespassers, etc., that they were to use and occupy the same without further charge, said contract of tenancy further providing that, in the event said Brackins should at any time during said period mentioned in said contract conclude not to longer occupy said premises as the tenants of said Houston Oil Company of Texas, they would surrender possession of the same to the Houston Oil Company of Texas, and give notice by registered letter deposited in the United States mail, addressed to the Houston Oil Company of Texas, at Houston, Tex., that they no longer desired to hold said land, or occupy the same as tenants of said Houston Oil Company of Texas, said written contract further providing that, in the event said Brackin and wife should remain and be in possession of said tract of land or continue to occupy the same after January 1, 1911, then their said possession and occupancy of same should, at the election of the Houston Oil Company of Texas, be considered and construed by said Houston Oil Company of Texas as an acknowledgment on the part of said Brackin and wife that they were still continuing to occupy and hold said tract of land as the tenants of said Houston Oil Company of Texas; and said contract further providing that, in the event the said Brackin and wife should, while occupying said premises, acquire, or attempt to acquire, any title or interest of any kind or character in or to said land from any person or persons, corporation or individual, such title or interest so acquired, or attempted to be acquired, should inure to, and be held for, the benefit of the said Houston Oil Company of Texas. Said contract of tenancy was introduced in evidence, and is too lengthy to set out in detail, but I refer thereto for its terms and provisions more in detail.

"I find from the evidence that the said James Brackin and wife, under said written contract of tenancy with the Houston Oil Company of Texas, did, in fact, occupy, fence, and cultivate a portion of the tract of land of 493⅓ acres, which by the judgment herein is awarded to the Houston Oil Company of Texas, and that the said Brackin and wife continued in the actual occupancy and possession of same as the tenants of said Houston Oil Company of Texas, and continued to use and cultivate the same for farming purposes, and never at any time surrendered possession thereof to the Houston Oil Company of Texas, or agreed to do so, and that they never at any time or by any means notified the Houston Oil Company of Texas that they no longer desired to occupy and hold said tract of land as its tenants, and, if they ever intended to repudiate their said contract of tenancy, they never at any time gave notice to the Houston Oil Company of Texas of their intention so to do.

"But I further find that about the —— day of April, 1912, the said James Brackin accepted a deed from the original plaintiffs in this cause, J. W. Richardson et al., conveying to him 25 acres out of the tract of land which he was then holding as tenant for the Houston Oil Company of Texas, said 25 acres being described by specific metes and bounds, and the said James Brackin at that time entered into a contract of tenancy with the original plaintiffs in this case by which he agreed to hold the balance of the T. R. Edmondson survey other than the said 25-acre tract, and also excepting one or two other small tracts described by metes and bounds as the tenant of said original plaintiffs. The said Brackins did not, however, occupy any portion of said survey which he agreed at that time to hold as tenant for said plaintiffs, but remained in possession and occupied the said 25-acre tract described by specific metes and bounds; the same being a portion of the 493⅓-acre tract which he was then occupying as ten-

ant of the Houston Oil Company of Texas. And I further find that soon thereafter the said Brackins gave, or attempted to give, permission to the said J. D. Jordan to go upon the said 25-acre tract of land and to manufacture the timber thereon into ties and staves, etc., claiming that he (the said Brackin) was the owner of said 25 acres by purchase from the said plaintiffs herein, and that thereupon for the first time the Houston Oil Company of Texas discovered that said James Brackin was setting up any interest or title in said land adverse to said Houston Oil Company of Texas, and thereupon said Houston Oil Company of Texas enjoined the said Brackin, Jordan, and Aycock from further trespassing upon said land.

"I further find that none of the original plaintiffs in this case, nor any one under them or for them, or any of them, ever had at any time possession of the T. R. Edmondson survey or any portion thereof, and I also find that the Houston Oil Company of Texas, by and through its said tenants, Brackin and wife, was in the actual possession of said 493⅓-acre tract of land recovered by it herein from the 6th day of June, 1907, up to and including the date of the filing of its cross-action herein, which date was May 22, 1912, by reason of the very letter of said contract of tenancy between it and the said James Brackin and wife. I therefore find that the said Houston Oil Company of Texas, plaintiff, on its cross-action herein, had and held prior actual possession of the tract of land recovered by it herein, such possession commencing as early as June 6, 1907, and continuing at least until its said cross-action was filed herein, and that such possession was prior to any possession had or claimed by any of the original plaintiffs in this cause, or any one holding under them, and that such possession by the Houston Oil Company of Texas was peaceable and continuous up to the time of the filing of its cross-action, and that during all of said time the said Houston Oil Company of Texas was claiming said land by regular chain of title down to itself, the links in which were duly recorded, and that the plaintiffs herein failed to show title to said land, or any portion thereof, superior to that under which the Houston Oil Company of Texas claimed."

[1] The first and second assignments of error are not entitled to consideration, because they fail to distinctly specify the grounds of error relied on, and are so indefinite as to be insufficient to direct the attention of the court to the particular errors of which complaint is made. The only proposition under the first assignment is:

"It was error to render judgment for the 493⅓ acres of the T. R. Edmondson survey in Hardin county for defendant in error."

And the only proposition under the second assignment is:

"The court erred in rendering judgment for the Houston Oil Company of Texas for 493⅓ acres of land described in the judgment."

As interpreted by these propositions, the assignments are manifestly too general to require consideration.

As best we can understand the assignments, the first complains of the judgment on the ground that R. H. Edmondson, under whom defendant claims, was not an heir of the T. R. Edmondson who came to Texas from Tennessee, and who, defendant claims, was the original grantee of the land; and the second assails the judgment on the ground that the Tennessee · T. R. Edmondson was not the person to whom the land was granted by the

state. From the foregoing statement of the findings of fact by the trial court it is clear that, if these assignments should be considered, they are without merit; for the court expressly finds that the T. R. Edmondson under whom defendant claims was not the original grantee of the land, and the judgment in favor of defendant was based solely upon the ground of its prior possession.

The third assignment of error, which is submitted as a proposition, is as follows:

"The court erred in overruling the motion for a new trial for the grounds relied on in the second paragraph of the motion; that the mere presumption of title from a prior possession was defeated where title as claimed has failed and was negatived."

This assignment presents the only material question raised by the record. The evidence sustains the finding of fact by the trial court that defendant took possession of the 493⅓ acres of land in controversy by its tenants, James and Annie Brackin, on June 6, 1907, and that the written lease under which the Brackins entered upon the land contained the stipulation and covenants set out in the court's findings above quoted. The further findings that plaintiffs were never in possession of the land, and that defendant had no notice of the fact that the Brackins had attorned to plaintiffs until shortly before defendant's cross-action was filed on May 22, 1912, are also sustained by the evidence.

There is no assignment attacking these fact findings. The questions presented are purely questions of law.

[2] The rule which permits a plaintiff in an action of trespass to try title to recover against a mere trespasser upon proof of prior possession, without further evidence of title, is a rule of evidence only, and not a rule of estoppel, and, when the defendant shows affirmatively that the plaintiff has no title, and thus rebuts the presumption arising from his prior possession, it seems to be the law that the possession of the defendant, though he is a mere trespasser without any title, will not be disturbed. Robertson v. Kirby, 25 Tex. Civ. App. 472, 61 S. W. 967.

In the case of House v. Reavis, 89 Tex. 631, 35 S. W. 1063, our Supreme Court, in an opinion by Mr. Justice Brown, the question is discussed with the clearness and force which is the usual characteristic of his judicial utterances. It is said in that opinion "that there are strong reasons and good authority" to sustain the position that, when a defendant secures possession by forcibly ousting the plaintiff, he cannot defeat plaintiff's right to recover possession by showing an outstanding title, and in support of this proposition cites the cases of Christy v. Scott, 14 How. 282, 14 L. Ed. 422; Bequette v. Caulfield, 4 Cal. 278, 60 Am. Dec. 615; and Richardson v. McNulty, 24 Cal. 348. The court in the House Case, supra, however, did not find it necessary to decide whether the defendant in that case should be permitted to defeat plaintiff's right

to recover upon his prior possession by showing an outstanding title in a third person, because the evidence was held to be insufficient to show such outstanding title. In the instant case the trial court found, and such finding is not questioned, that neither the T. R. Edmondson under whom the original defendant, the plaintiff in the cross-action, claimed, nor the T. R. Edmondson under whom the original plaintiffs claimed, was the original grantee of the land in controversy, and that the T. R. Edmondson to whom the land was granted "never conveyed the same." These findings are equivalent to a finding that the evidence shows that defendant has no title to the land, and under the general rule above stated defendant would not be entitled to recover upon its proof of prior possession.

[3] There is another general rule, however, which we think is controlling in this case. A tenant is not permitted to dispute the title of his landlord. This is a rule of estoppel. In the case of Tyler v. Davis, 61 Tex. 674, our Supreme Court says:

"That, as a general rule, a tenant cannot dispute his landlord's title, is well established and universally admitted, and neither citation of authority, nor discussion of the principle upon which it rests, is at all necessary; since it has been recognized at law for so great a length of time. It is applied as well in suits for rent as in those for the recovery of possession. In the action of ejectment it has always been held sufficient for a landlord who is suing his tenant to produce his lease, and that estoppel closes the mouth of the defendant to call his title in question. Jackson v. McLeod, 12 Johns. [N. Y.] 182. Our action of trespass to try title, whilst it abolishes the forms and fictions of ejectment, preserves most of its substantial principles, and this amongst others. Whilst the plaintiff must go back to the government or to a common source in other cases, yet, as to one estopped to deny his title, it is enough that he establishes the facts upon which the estoppel is supported."

The authorities in support of this rule are numerous, and we only cite a few of the decisions of our Supreme Court in which the rule is recognized. Turner v. Smith, 11 Tex. 620; Andrews v. Parker, 48 Tex. 94; Juneman v. Franklin, 67 Tex. 411, 3 S. W. 562; Fowler v. Simpson, 79 Tex. 611, 15 S. W. 682, 23 Am. St. Rep. 370; McKie v. Anderson, 78 Tex. 207, 14 S. W. 576; Cobb v. Robertson, 99 Tex. 138, 86 S. W. 746, 87 S. W. 1148, 122 Am. St. Rep. 609.

It is equally well settled by the authorities that this rule of estoppel applies with full force to one who obtains or claims possession through or under the tenant of another. Flannagan v. Pearson, 61 Tex. 306; Cobb v. Robertson, supra; Sawn v. Busby, 5 Tex. Civ. App. 63, 24 S. W. 303.

[4, 5] To the general rule above stated there are exceptions, one of which is that a tenant of one who has no title may acquire the superior title and show title in himself in defense of a suit of trespass brought against

him by his lessor. Another exception is that one who by mistake or through fraud is induced to become the tenant of another is not estopped to deny the title of his landlord. None of the exceptions to the general rule are shown by the facts of this case. From the facts before stated it is clear that the defendants James and Annie Brackin, who obtained possession of the land under the lease from defendant, and gave no notice to defendant of the repudiation of such lease and their attornment to plaintiffs, are estopped from denying defendant's title, and that plaintiffs, who show no title in themselves, and who induced said tenants of defendant to secretly attorn to them, are in no better position than the tenants themselves, and are also estopped to deny the title of defendant.

[6] The remaining assignments of error are not presented in accordance with the rule, and are therefore not entitled to consideration. If they could be considered, none of them, in our opinion, present any material error, and each should be overruled.

It follows from the conclusions above expressed that the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.