OSBORNE & BECK v. SANDERS.
(No. 1594.)

(Court of Civil Appeals of Texas. Texarkana. March 9, 1916.)

JUDGMENT ☞256(1)—SUPPORT BY FINDINGS.

In suit by realty brokers for damages because of the owner's breach of contract to give them the exclusive right to sell a tract of land for a specified time, where the finding that the owner had not so contracted was inconsistent with another, but there were other findings, denominated conclusions of law, first, that the terms upon which the owner was willing to sell had never been stated by him and communicated to the party to whom plaintiffs expected to sell, and second, that it could not be said from the evidence that such party would have been ready, willing, and able to comply with the terms plaintiffs might have imposed, judgment for defendant was proper.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446, 454; Dec. Dig. ☞256(1); Replevin, Cent. Dig. § 393.]

Appeal from Navarro County Court; R. R. Owens, Judge.

Suit by Osborne & Beck against I. A. Sanders. From a judgment for defendant, plaintiffs appeal. Affirmed.

Lawrence Treadwell, of Corsicana, for appellants. Richard Mays, of Corsicana, for appellee.

WILLSON, C. J. This was a suit by appellants, real estate brokers, for damages which they claimed they suffered because of a breach of an undertaking, they alleged, of appellee to give them for a time specified an exclusive right to sell a tract of land belonging to him, and which he himself sold before

the expiration of that time. The court found as a fact that appellee had not so contracted. The finding is attacked as not warranted by the evidence, and all of the assignments of error are predicated on the correctness of that contention. It is true the witness Watts testified to facts which might have supported a finding to the contrary of the one complained of, but the finding clearly was warranted by the testimony of appellee. It may be that the finding is not consistent with another one made by the court, the eleventh; but the correctness of the judgment is not questioned on that ground. And if it was, and if it should be held that the effect of the two findings was to leave the question as to whether there was such a contract or not undetermined, the judgment should be sustained on other findings made by the court, to wit: (1) That the terms upon which appellee was willing to sell the land had never been stated by appellee and communicated to Watts, to whom appellants expected to sell the land; and (2) that it could not be said from the evidence that Watts would have been willing, ready, and able to comply with the terms appellee might have imposed. These findings of fact, though among those denominated by the court "conclusions of law," cannot be ignored. Trust Co. v. McCarthy, 34 S. W. 306; Robertson v. Kirby, 25 Tex. Civ. App. 472, 61 S. W. 967.

The judgment is affirmed.