CRAFTS et al. v. McALLEN. (No. 5819.)

(Court of Civil Appeals of Texas. San Antonio. June 13, 1917. Rehearing Denied July 2, 1917.)

1. TRESPASS TO TRY TITLE ☞39(3) — EVIDENCE—ADMISSIBILITY.

Testimony of C. for plaintiffs in trespass to try title, in which neither party deraigned title from sovereignty, so that right to recover had to be based on limitations or prior possession, on both of which plaintiffs relied—they claiming under G., who had conveyed to C., and to whom

later C. reconveyed—that C. did not get possession because W., under whom defendant claimed, had leased the land from G., and was in possession under the lease, is not subject to the objections that defendant knew nothing about any lease to W., or that it was an immaterial issue why C. did not get possession.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 54.]

2. TRIAL ⚖══350(3)—MATERIALITY OF SPECIAL ISSUE—TRESPASS TO TRY TITLE.

The special issue in trespass to try title, whether ·W., under whom defendant claims, originally acquired possession as tenant of G., under whom plaintiffs claim, is not immaterial; as an affirmative answer would conclusively show prior possession, which, in the absence of evidence showing a superior title in defendant, was important to plaintiffs' case, neither party deraigning title from sovereignty.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 829, 831.]

3. APPEAL AND ERROR ⚖══1062(5)—HARMLESS ERROR—SPECIAL ISSUES.

Submission to the jury of an immaterial special issue is harmless.

[Ed. Note.—For ·other cases, see Appeal and Error, Cent. Dig. § 4218.]

4. TRIAL ⚖══352(1)—FORM OF SPECIAL ISSUE.

The evidence in trespass to try title, in which plaintiffs claim under G., and rely on limitations and prior possession, showing that whatever possession of lands was taken by G. and her husband was under claim of ownership in G., special issues as to whether they took possession of the land in issue, and, if so, when they took it and how long they kept it, were not objectionable because not limited in form to possession by her.

[Ed. Note.—For other cases, see Trial, Cent. Dig. ·§ 840.]

5. APPEAL AND ERROR ⚖══1002 — REVIEW — FINDINGS ON CONFLICTING EVIDENCE.

Findings by jury on conflicting evidence, on special issues, cannot be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937.]

6. TRESPASS TO TRY TITLE ⚖══41(1)—TITLE TO SUPPORT—POSSESSION.

Prior possession of G., plaintiff's grantor, warrants judgment for plaintiff in trespass to try title, defendant showing no superior title by limitations or otherwise; W., under whom defendant claims, having entered as G.'s lessee, and there being no affirmative proof that G. did not have title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 62.]

Appeal from District Court, ·Cameron County; W. B. Hopkins, Judge.

Action by John J.·Young and another individually and as executors of John McAllen, deceased, against Rafaela L.·Crafts and others. From an adverse judgment,· defendant John J. Kleiber appeals. Affirmed.

J. C. Scott, of Corpus Christi, for appellant. Graham, Jones & George, of Brownsville, for appellees.

MOURSUND, J. This is an appeal by John I. Kleiber alone from a judgment in favor of John J. Young and James B. McAllen, individually and as executor of the will of John McAllen, plaintiffs, against said

Kleiber and others, for a small tract of land in Cameron county.

This suit was filed on November 14, 1904, in the form of an action of trespass to try title, but plaintiffs specially pleaded title by limitation of ten years. Defendant Kleiber answered by plea of not guilty and pleas of the statutes of limitation of three, five, and ten years. The pleadings are numerous and lengthy, but the above statement will answer for the purpose of disposing of the questions presented upon this appeal. There have been two previous appeals. 139 S. W. 41; 166 S. W. 3.

The special issues, the answers to which furnished the basis for the judgment against appellant, were as follows:

1. "Did the plaintiffs in this cause, or the persons under whom they claim, Severo Garza and Noberta Garza, have adverse and peaceable possession of the land in controversy, cultivating, using, and enjoying the same, under a claim of ownership in person, or by and through their tenants, for more than ten years next before the 4th day of March, 1893?" Answer: "Yes."

2. "Did the Welcome A. Crafts mentioned in the proceedings in this cause acquire possession of the land in controversy originally as tenant under· Noberta S. de la Garza?" Answer: "Yes."

3. "Did Severo Garza or his wife, or both of them, go into possession of the land in controversy under a claim of ownership and make improvements thereon?" Answer: "Yes."

4. "If, in answer to preceding issue No. 3, you should find that the said Noberta Garza or Severo Garza, either or both, went into possession of the land in controversy under claim of ownership and made improvements thereon, then you will find and state when they went into such possession." Answer: "1868."

5. "If in answer to special issue No. 4 you should find that Noberta Garza or Severo Garza, or either of them, went into possession of the land in controversy, under claim of ownership, and made improvements thereon, at a time ·stated by you, in person or through their tenants, then you will find how long they remained in possession of said property prior to March 4, 1893." Answer: "21 years."

6. "Did Welcome A. Crafts go into possession of the said land in controversy? If yes, when?" Answer: "Yes; in 1889."

7. "If, in answer to preceding special issue No. 6, you find that Welcome A. Crafts went into possession of the land in controversy, then you will find and answer the following: Was Noberta Garza asserting ownership to, or in possession of, said lands at the time that Welcome A. Crafts went into possession of the same?" Answer: "Yes."

[1] Appellant Kleiber requested the court to submit issues based on his pleadings with regard to the acquisition of title by limitation but the court refused to submit such issues, and no complaint is made concerning the ruling. As neither party deraigned title from the sovereignty, the right of the plaintiffs to recover the land must be based upon limitation or prior possession, and plaintiffs relied upon both theories. They claimed under Noberta S. de la Garza who had conveyed the land to Frank Champion on October 19, 1889, and to whom Champion reconveyed it on March 4, 1893. Champion testified that

he did not get possession of the land for the reason that Welcome A. Crafts had leased it from Mrs. Garza and was in possession thereof under such lease. Defendant Kleiber, who claims the land under said Crafts, asked that such testimony be stricken out on the grounds: First, that Kleiber did not know anything about any lease or pretended lease by Crafts; second, that it was an immaterial issue as to why Champion did not get possession of the land. The court overruled the objections, and the first assignment of error complains of such ruling. The testimony was not subject to the particular objections, urged thereto in view of the issues involved in this case. Collins v. Davidson, 6 Tex. Civ. App. 73, 24 S. W. 858; Camp v. League, 92 S. W. 1062. The first assignment is therefore overruled.

The second assignment is also overruled.

[2, 3] It cannot be said that special issue No. 2 was immaterial, for the answer thereto, if in the affirmative, would conclusively show prior possession, which in the absence of evidence showing a superior title in appellant was important to appellee's case. But had the question been an immaterial one, the error in submitting it could not have injured appellant.

The third assignment is overruled.

[4] Assignments 4, 5, and 6 relate to special issues 3, 4, and 5, the contention being that the court erred in so framing said issues as to include an inquiry with reference to Severo Garza, for the reason that as plaintiffs claim under a deed from Noberta the inquiry as to Severo was immaterial and improper. While there is a dispute with reference to the amount of land first taken into possession and used by Severo and his wife, Noberta, the undisputed evidence shows that they took possession under a claim of ownership in Noberta, by virtue of a gift, and maintained such possession until the death of Severo, which occurred about 1885, and afterwards Noberta continued in possession until she leased it to Crafts. We fail to see how appellant could have been prejudiced by reason of the wording of the issues. The assignments are overruled.

[5] Appellant by assignments 7, 8, 9, and 10 contends that the answers returned by the jury to special issues 1, 3, 4, and 5 are unsupported by the evidence. We conclude that the testimony supports the findings of the jury, and overruled the assignments. The overruling of these assignments means, of course, that we conclude the evidence supports the findings of the jury as to all of the land described in the petition. In fact no objection was urged to the issues to the effect that there was no evidence justifying their submission, nor was any request made that as to any particular portion of the land a verdict should be instructed for appellant, but there is a contention presented under the eleventh assignment in substance that as to a certain triangular parcel out of the land sued for containing 1.79 acres the evidence fails to show possession and use by Severo and Noberta of such character as to justify the answers to the special issues. At the time John S. Hord surveyed the Severo Garza labor, viz. November 25, 1889, the 1.79 acres was included as a part of said labor; the testimony of Jas. B. McAllen was to the effect that the land in controversy (the description of which included the 1.79 acres) was occupied and inclosed by Severo Garza in 1872. This testimony is contradicted by Surveyor Hanson, who testified that the 1.79 acres was not included in the original boundaries of the Severo Garza labor. The conflict was solved by the jury in favor of McAllen's testimony, and we cannot sustain appellants' contention.

[6] Appellees contend that even though we were to find the evidence sufficient to sustain their claim of title by limitation as to such 1.79 acres, the judgment should not be reformed so as to deprive them of said parcel, basing their contention upon the theory that they are entitled to recover all of the land sued for by virtue of the prior possession of Noberta Garza. There is no doubt that the evidence shows Noberta Garza to have been in possession of all of the land sued for prior to leasing the same to Welcome A. Crafts; it is also true that appellant failed to show a superior title to the land, and that he acquired title through parties who claimed and held under Crafts, and he makes no contention upon this appeal that he acquired title by limitation. It therefore appears, as contended by appellees, that they were entitled to recover the land sued for by virtue of the prior possession of Noberta Garza. House v. Reavis, 89 Tex. 626, 35 S. W. 1063; Watkins v. Smith, 91 Tex. 589, 45 S. W. 560; Boyd v. Miller, 22 Tex. Civ. App. 165, 54 S. W. 411; Cook v. Spencer, 91 S. W. 813; Teagarden v. Patten, 48 Tex. Civ. App. 571, 107 S. W. 909. There was no affirmative proof by appellant that Noberta had no title, such as was held to prevent a recovery on prior possession in the cases of Robertson v. Kirby, 25 Tex. Civ. App. 472, 61 S. W. 967, and Richardson v. Houston Oil Co., 176 S. W. 628.

The judgment is affirmed.