BUTLER et al. v. BORROUM. (No. 6315.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 31, 1919. Rehearing Denied March 10, 1920.)

1. INJUNCTION ⬅126—PLEA OF NOT GUILTY BY TRESPASSER PUTS LANDOWNER ON PROOF OF TITLE.

Where one in possession of land, title to which he claimed to have secured by adverse possession, sought injunction against defendants, who, as he alleged, were trespassing, and for the purpose of avoiding the burden of an action for trespass to try title did not ask for a writ of possession, but defendants filed a plea of not guilty, such plea put plaintiff to proof of title.

2. EJECTMENT ⬅1, 95(1)—TRESPASS TO TRY TITLE ⬅1, 41(1) — POSSESSION WILL SUPPORT RECOVERY AGAINST NAKED TRESPASSER.

Suits for land, in ejectment or trespass to try title, are possessory in their nature, whether based on prior possession or title; and one having prior possession of land is not required to exhibit his full title to recover against a mere trespasser.

3. PROPERTY ⬅9 — PRESUMPTION OF TITLE FROM POSSESSION.

Possession of land carries with it only a presumption of ownership.

4. INJUNCTION ⬅46 — TRESPASSER MAY BE ENJOINED FROM ENTERING ON AND DAMAGING LAND.

In a proper case, one rightfully in possession of land may by a proper showing secure an injunction to restrain a trespasser from entering to commit injuries.

5. INJUNCTION ⬅36(2)—TITLE MAY BE DETERMINED IN A SUIT TO ENJOIN TRESPASSES.

In a suit to enjoin trespasses, issues of title and right to the writ may be determined in the same case; but, when it requires facts to establish title, those questions of fact should be submitted to the jury.

6. TRESPASS TO TRY TITLE ⬅38(1)—ONE IN POSSESSION CANNOT RECOVER AGAINST MERE TRESPASSER WHERE TRESPASSER SHOWS POSSESSOR HAD NO TITLE.

The rule which permits a plaintiff in an action of trespass to try title to recover against a mere trespasser, on proof of prior possession without further evidence of title, is a rule of evidence only, and not a rule of estoppel, and when defendant shows affirmatively that the plaintiff has no title, and thus rebuts the presumption arising from his prior possession, defendant, though a mere trespasser, will not be disturbed.

7. INJUNCTION ⬅123—JUDGMENT FOR PLAINTIFF IN SUIT TO ENJOIN TRESPASS NOT WARRANTED, PLAINTIFF NOT HAVING ESTABLISHED TITLE.

In an action where plaintiff sought an injunction to prevent defendants from trespassing on land, and adopted that procedure for the purpose of relieving himself of the burden of establishing title, as he would have to in an action at law to try title, but the pleadings put in issue plaintiff's title, and there was a showing by defendants controverting plaintiff's claim of title, judgment in his favor was erroneous, where he merely proved possession.

Appeal from District Court, Bee County; M. A. Childers, Judge.

Suit by P. Borroum against P. B. Butler and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded for new trial.

Lewright & Douglas and Chas. F. Guenther, Jr., all of San Antonio, for appellants.

Dougherty & Dougherty, Chambliss & Baker, and G. C. Robinson, all of Beeville, for appellee.

COBBS, J. Appellee brought this suit against appellants, alleging "he is the owner of, in fee simple," and in possession of, the

land described in the petition, and specially pleads his title of limitation of three, five, and ten years' adverse possession and that such possession gave him "full title." He further alleges: That on or about the 8th day of February, 1919, the said defendants, P. B. Butler and A. B. Butler, and their agents, servants, and employés, unlawfully and without right or authority entered in and upon plaintiff's said land and premises, and while plaintiff was in the quiet and peaceable possession thereof, and did then and there dig, construct, and make post holes in and on same, and set and place posts therein, and did continue to dig such holes and set and place such posts, and were preparing to put and place wire on such posts, and were preparing to erect and construct a complete fence across the said land of plaintiff, without authority of law, of the said land and premises aforesaid, and to dispossess plaintiff of at least a large part of the same, and to take the same into the possession of the said defendants, until they were restrained from so doing by a temporary writ of injunction issued from this honorable court. That said fence which said defendants were attempting to construct is about on the following lines: Beginning on western boundary of said survey patent No. 239, where same is crossed by the aforesaid creek; thence about S. 20° E. at about 700 varas; thence about N. 70° E. at about 900 varas to said creek, and would segregate and take from the possession of plaintiff all of that tract of land inclosed by said line and said creek, and defendants have surveyed and marked said line. He also alleges that appellants were cutting down trees, appropriating them to their own use to his damage $1,000, and alleged further that he would suffer an irreparable injury should he be dispossessed by defendants, for they are endeavoring to get plaintiff in such an attitude as that it will be necessary for him to bring a suit in trespass to try title to recover possession from them, and to thereby place the burden of proof upon this plaintiff, and take advantage of whatever force and effect and presumption that possession might give them in such a suit in trespass to try title, and said defendants are trying to put plaintiff in such attitude of having voluntarily surrendered possession of same to defendants, and then to take advantage of such fact in a suit to recover the title and possession, which plaintiff would be forced to bring. He further alleged a peaceable possession of 30 years, and avers, if he allowed appellants to trespass on the land and dispossess him, he would suffer irreparable injury, and would be compelled to sue defendants in order to repossess himself, and, if he did not do so, it would be a circumstance against him. And his prayer for relief is only for an injunction, damages, and for costs.

Appellants answered by way of exception and plea of "not guilty," to which appellee replied by first supplemental petition, and excepted because the same was an inappropriate plea, and does not put in issue any of the rights or equities' asserted by plaintiff. We believe it will aid in having a better understanding of appellee's theory of the case to set forth the motion appellee made at the conclusion of the case for an instructed verdict, which is as follows:

"* * * First, because it appears from the undisputed evidence adduced on the trial of this case that the plaintiff was in the actual possession of that portion of the Thomas Powell survey, claiming the same as his own, at the time that defendants entered thereon and endeavored to construct a fence across such tract. Second, because it further appears from the undisputed testimony that the defendants were naked trespassers upon said tract of land, and had no title nor any possession thereto; and because it further appears from the undisputed testimony that the defendants, and each of them, when ordered to desist from the construction of said fence and the causing of waste upon said premises by the cutting of posts and the digging of holes refused to desist, and insisted upon their purpose, and continued to trespass upon the land so actually occupied and possessed by plaintiff, and have declared their purpose in this court that they will, notwithstanding any objection or opposition by plaintiff thereto, continue such trespasses, unless they are restrained by order of this court."

The court overruled the motion and gave to the jury three issues to find, which with their answers are as follows:

"(1) Did the plaintiff, P. Borroum, prior to and at the time of the alleged trespasses set up in plaintiff's petition, have actual, peaceable, and adverse possession of, cultivating, using, or enjoying the tract of land described in plaintiff's petition in controversy herein?

"Answer: Yes.

"The undisputed evidence shows that on or about the ——— day of August, 1918, the defendants had a line surveyed across the tract of land in dispute, and that on or about the ——— day of February, 1919, the defendants undertook to build a fence along the line of said survey. You will kindly answer the following questions:

"(2) Did the defendants, or either of them, have permission from the plaintiff to make such survey?

"Answer: No.

"(3) Did the defendants, or either of them, have permission from the plaintiff to build said fence?

"Answer: No."

[1] The pleading of appellee, his motion for an instructed verdict, and the charge of the court all show appellee seeks to recover possession of a tract of land through the medium of an injunction. He pleaded his title by limitation, having every element of a suit in trespass to try title, though in his prayer he did not, as in such cases, ask for a writ of possession, setting out his title specially,

but sought equitable relief through an injunction to secure and maintain his possession of the land, as though his prayer was common to the usual ones in trespass to try title cases. Defendants put him to the proof of his title by plea of "not guilty." Harlan v. Haynie, 9 Tex. 462; Stroud v. Springfield, 28 Tex. 671; O'Connor v. Luna, 75 Tex. 594, 12 S. W. 1125.

[2, 3] From the view we take of this case it is really not necessary to pass upon all the rulings of the court, or as to the sufficiency of the pleadings, or testimony admitted or rejected over objections. All suits for land in ejectment or in trespass to try title are possessory in their nature, whether based upon a prior possession or title, and this one does not depart very far in its allegations, except in the prayer for relief. It is true one having prior possession of land is not required to exhibit his full title to recover against a mere naked trespasser. Such possession only carries with it the presumption of ownership, nothing more. Lazarus v. Phelps et al., 156 U. S. 202, 15 Sup. Ct. 271, 39 L. Ed. 397; Lockett v. Glenn (Sup.) 65 S. W. 482; Railway Co. v. Cusenberry, 86 Tex. 525, 26 S. W. 43; Robertson v. Kirby, 25 Tex. Civ. App. 472, 61 S. W. 967; Richardson v. Houston Oil Co., 176 S. W. 628.

[4-7] Here we have a case in which the right of recovery is based solely upon an alleged title by possession claimed to be acquired by virtue of the statute of limitations of three, five, and ten years; and plaintiff further alleged that the two said surveys were patented to Thomas Powell, assignee of David White, and that there is an outstanding title in said Thomas Powell, or his heirs, and that by reason of the possession of plaintiff, and the happening of the other matters hereinbefore alleged in his pleas of three, five, and ten years statutes of limitation, plaintiff has acquired such outstanding title to said tract of 363 acres by the statute of limitation.

His theory is being in possession implies he is the owner, which under the statutes gives him the right to maintain this suit (article 4643), and thereby is entitled to his remedy by injunction. An examination of the record shows that an issue of fact was tendered by appellant on the title and possession of appellee to the land sued for, who himself introduced much evidence thereon. Appellee's title and possession and alleged ownership being thus put in issue by appellants' pleading and proof, as well as by his own proof, he asked the court to submit the further additional question to the jury, to which the jury answered "Yes," to wit:

"Was the plaintiff in actual possession of the portion of the Thomas Powell surveys, south of the Dry Medio creek, over which the fence was being built at the time the defendants began the construction of same?"

But he refrained from demanding a finding on his title by limitations. In this state of the record appellants asked the court to submit to the jury three special charges containing correct statements of the law of limitations under the ten-year statute, and in the last to find if the appellee ever recognized or admitted the claim of A. B. Butler to the land. Both his title by limitation and his admission having been made an issue in the case by some evidence on the subject, the issue of ownership by limitation should have been submitted to the jury to find upon.

In the outset it cannot be denied that, generally speaking and in proper case, one rightfully prior in possession of land may by a proper showing secure an injunction to restrain a mere naked trespasser from entering to commit injuries. Usually it should be based upon a title that can be established by law, whether by a prior possession against a trespasser or regular chain of transfers from the sovereignty on down; but he must be the owner, whether inferred from possession or in fact.

In this case the appellee did not, in his petition or proof, stand upon his naked right of possession, but grounded it upon certain transfers and his possession for a certain length of time to mature limitation, and relied upon an outstanding title in Thomas Powell or his heirs, which he claimed he acquired by limitation. He brings appellants into court, not alone to defend against a mere naked possession, but by virtue of an alleged possession which he claims secured him a title by virtue of the statute of limitation. That is what he is called to answer. The appellants accept the "gage of battle" and put him upon proof of all his allegations of title. Having pleaded a possession merging in a title secured by the means set forth therein, his allegations and proof must correspond.

There are here two prominent issues to be proven. The first is the requisite possession, and the second is for the full length of time to perfect title, and the third in acquiring the outstanding title. The appellee contented himself by securing a submission of an issue and finding solely on the first; that is, on naked prior possession. The appellants, still contesting the title and right of possession, sought to secure from the jury an answer to the other necessary requisites to determine the ownership and alleged title secured by limitations, and as to the recognition of appellants' title by appellee. The court refused to submit either issue. The appellants, denying appellee's claim to the land, introduced some evidence upon the issue, and were entitled to have the determination of the title on the appellee's alleged claim, and whether the appellee admitted such title or not to defeat the claim, because at last the issues resolved themselves to

one of title, which appellee, having set forth in his pleading the basis of his right, could not escape, and he was compelled to meet the issues raised by the pleadings of both parties and the evidence, and recover, if at all, upon the strength of his own title.

While it is true, as contended by appellee, in this state the issues of title and right to the writ can be determined in the same case, for the title may be a legal or equitable one, yet when it requires some facts to establish it those facts are questions for the jury, and when affirmatively established the right vel non to the equitable relief follows from that determination. We do not understand that appellants in the least dissent therefrom.

The issue seems sharply drawn here; the appellee claiming, by virtue of his prior possession, he may restrain the defendants from committing the alleged contemplated trespasses, without proving any title whatever, though the suit is predicated upon one by limitation. That is, generally speaking, a correct statement of the law. That position, as applicable here, is sharply contested by appellants, who assert that, when the appellee fails to establish his right to land upon a title alleged by him, which he comes to defend against, and makes an issue of fact as to that possession, ownership, or claims the land himself, it becomes an issue of fact for the jury on the controverted title.

In this we do not overlook the law that one's prior possession as against a mere subsequent naked trespasser, as stated, is sufficient to recover the possession, and when there are sufficient facts established for equitable relief an injunction will issue. But in a case such as this, based upon a limitation title and pleading, and also alleging an outstanding title in Powell, which he seeks to establish and mature in himself by limitation, a case is made that requires proof to perfect. Here the appellants met all the issues with some evidence, and upon the alleged contention offered to prove that appellee recognized or admitted the claim of A. B. Butler to ownership of said land, and asked the court to submit that issue to the jury, which was refused.

There is a very clear statement of the law, made by Chief Justice Pleasants, as to the effect of prior possession, in Richardson v. Houston Oil Co., 176 S. W. 630, which we quote with approval:

"The rule which permits a plaintiff in an action of trespass to try title to recover against a mere trespasser upon proof of prior possession, without further evidence of title, is a rule of evidence only, and not a rule of estoppel, and when the defendant shows affirmatively that the plaintiff has no title, and thus rebuts the presumption arising from his prior possession, it seems to be the law that the possession of the defendant, though he is a mere trespasser without any title, will not be disturbed. Robertson v. Kirby, 25 Tex. Civ. App. 472, 61 S. W. 967." Mayers v. Paxton, 78 Tex. 199, 14 S. W. 568; Railway Co. v. Cusenberry, 86 Tex. 529, 26 S.

W. 43; House v. Reavis, 89 Tex. 631, 35 S. W. 1063.

Nor do we think the allegations and proof in this case entitle appellee to the injunction. Lutcher et al. v. Norsworthy et al., 27 S. W. 630; Paul v. City of El Paso et al., 131 S. W. 439.

On the trial of this case the appellee did not merely show a prior possession and rest his case on that, but as said in his brief:

"Plaintiff rested his right to restrain the defendants, who were openly and admittedly tortfeasors, upon the grounds: (a) That he was and had been in open and undisputed and peaceable possession, by actual inclosure, for a period of more than 25 years next before defendants endeavored to break his close; and (b) that he had acquired title thereto as against defendants and all other persons by the statutes of five and ten years limitation.

"After the introduction of the two patents, plaintiff offered the following evidence of his title and possession: (1) Deed from J. W. Croft and K. Croft to Jesse Borroum, dated September 21, 1881. Conveys all of the two tracts (describing them) 'lying south of the left-hand prong of the Dry Medio creek.' This deed was duly recorded in Book K, page 220, Deed Records of Bee County, Texas, August 25, 1885. (2) Deed from Jesse Borroum to Peterson Borroum, dated October 13, 1890, conveying, among other lands, an undivided one-half of the land conveyed by the deed from the Crofts to Jesse Borroum, supra, by express reference to deed and record. (3) Deed from Jesse T. Borroum to P. Borroum to the other undivided one-half of the two Thomas Powell surveys, describing the same by patent number and volume number. This deed was dated the 24th day of May, 1883, and recorded on May 25, 1883."

He then proceeded and did offer a volume of parol testimony embracing many pages contained in the statement of facts, too voluminous to set out, besides some documentary evidence. It is not necessary for us here to determine whether it shows title in him, by limitation or otherwise, for he did not secure a ruling as to his title and ownership from the trial court, or a finding from the jury that he had established the elements which the law would declare a title, for that question is not before us. Now upon this showing on his possession he contends for his right to the injunction. He bases it, among other things, upon the ground that the undisputed evidence showed he had title by limitations and gives that as a reason why the court did not submit that issue to the jury. Appellee is mistaken in this contention, for the evidence was not undisputed. If so, why submit any question at all of mere possession for the jury to find. The submission of the issue to the jury to find that the appellee was in possession carries with it the suggestion that there was a question in appellee's own mind as to his possession, much less that the evidence was not undisputed as to his title by limitation. If, as appellee contends,

it was undisputed, we cannot appreciate why the useless thing of submitting it to the jury was done, instead of instructing their verdict on his title.

We believe the right of appellee to an injunction in this case is too doubtful, under the pleading and evidence introduced, to sustain the judgment, and think a trial should be directed. Burnley v. Cook, 13 Tex. 589, 65 Am. Dec. 79; Lutcher et al. v. Norsworthy, 27 S. W. 630. Whether the suit be an action for an injunction by virtue of possession for the relief, or to recover the land on account of the same alleged possession, the effect is the same, and will, in such a dispute between the parties, require as high degree of proof in the one as in the other. The appellee has not proven a record title, or established one by the statute of limitations, so far as any finding from the jury is shown, and has, for the reasons given, not shown himself the owner of the land entitling him to the writ. We are not called upon to say whether he showed a title by limitations, for he did not allow that issue to be submitted, and that question is not before us. But we do say that it was disputed, and therefore it cannot be here determined as a matter of law. It was not so determined below, and cannot be passed upon here.

The appellee has presented a very able and interesting argument on his theory of the case. It shows much care, research, and ability. He admits the suit is brought in the present form to secure the relief, without the necessity of bringing an action in trespass to try title, which would compel him to prove his title in order to recover. That might have been well enough, if he had not by his pleading and proof, and the appellant likewise had not, put his possession and title to the proof, and then failed to get a finding on his title, as well as possession. That having been done by both sides, and no finding on his title determined, the appellee has failed to present a case of ownership that a court of equity can grant the particular relief prayed for. He must go further.

For the reasons given, the judgment of the court is reversed, and the cause remanded for a new trial.