### CROCKER et al. v. McGILL et al.
#### No. 8279.

Court of Civil Appeals of Texas. San Antonio. Nov. 20, 1929.

Rehearing Denied Feb. 26, 1930.

M. D. Brown and Jefferson D. Todd, both of Corpus Christi, for appellants.

Perkins & Floyd, of Alice, for appellees.

COBBS, J.

Appellants sued appellees and sought a temporary restraining order against them and

against A. M. French, the surveyor, restraining them from surveying lines across lands of appellants, and from building fences across the same, and from tearing down the old Parker fence, being a boundary line fence between appellants' lands and those of appellees, and for a mandatory injunction requiring appellees to restore to its original condition certain parts of the said old line fence which they had taken down, alleging that the appellees were wrongfully and unlawfully doing the things complained of, and asking for general and special, legal and equitable, relief.

While the petition is not in the simple form of an action to try title and appellants do not sue for damages and do not ask for a writ of possession, yet it is practically a suit to establish title to land.

The appellees filed an answer under oath, and, after urging special exceptions to the effect that it did not negative an adequate remedy at law, plead general denial, not guilty, and a special plea to the effect that they owned the title to the lands upon which they were building a fence, and a judgment formerly rendered against appellants in favor of the immediate grantors of appellees.

The real question involved in the controversy was the title to the land, and appellants' right to a temporary restraining order pending the determination of the suit. There is no adequate allegation of the solvency of appellees, nor that damages may not be recovered and collected against appellees for the alleged wrongs.

The trial court heard the evidence, then rendered judgment dissolving the temporary restraining order theretofore issued and denying the temporary injunction prayed for by appellants, with an additional provision in the judgment suspending the order of dissolution of the restraining order pending perfection of an appeal.

The question of the title to the land was one of the disputed issues of fact. While it is incumbent on the part of one claiming title to land and seeking an injunction, to show at least a claim of right and a probable wrong or injury likely to be committed, yet the disputed issue of the title to the land must be tried out in a legal contest. Butler v. Borroum (Tex. Civ. App.) 218 S. W. 1117. We do not mean to say it might not be tried out at all, except in an equitable suit to try title to the land, and that the threatened wrongs could not be restrained otherwise because of the insolvency of the defendants. Here there is no allegation that the defendants are insolvent so that the appellants could not be adequately compensated with damages.

We do not think the court erred in refusing the temporary restraining order, and the judgment is affirmed.

SMITH, J. (dissenting).

This appeal is from an order dissolving a temporary injunction which had been previously granted. The order of dissolution, however, was suspended by the trial court, and the temporary injunction was continued in force, pending this appeal. The injunction was to restrain appellees from removing or destroying a fence, which for more than fifty years had marked the boundary now in dispute, and the correct location of which depends upon the adjudication of titles here in controversy. It is charged that the destruction of this fence will result in effacing old landmarks and scattering appellants' live stock, now held together by said fence. This is a character of trespass which will be restrained, regardless of the question of the solvency of the trespasser, and it is my opinion that the injunction should be continued in force until the question of title is adjudicated. The very act of the trial judge suspending the order of dissolution pending this appeal imports a finding that the trespass should be restrained. To this extent I beg to disagree with the majority opinion.