1015

## GROVES v. WESTERN REALTY CO.

### No. 12041.

Court of Civil Appeals of Texas. Dallas.

Oct. 24, 1936.

Rehearing Denied Nov. 21, 1936.

White & Yarborough, of Dallas, for appellant.

Massingill & Belew and Homa S. Hill, all of Fort Worth, for appellee.

BOND, Justice.

This suit was instituted by appellee, Western Realty Company, a private corporation, against J. T. Groves and wife, Catherine Groves, in trespass to try title to the S. ½ of lot 1 in Block C–3369, Zang's Crystal Hill addition to the city of Dallas, and for damages. The petition alleged that plain-tiff (appellee herein) was seized and possessed of the lot, as described, and that on or about March 28, 1933, defendants (appellant here) entered upon said premises, ejected plaintiff therefrom, and unlawfully withholds from plaintiff possession thereof, to his damage, etc.; that the reasonable rental value of said premises during the time said defendants have so unlawfully withheld same from plaintiff is the sum of $100 per month. Defendants pleaded general denial and not guilty.

The case was tried to the court without a jury, and, at the conclusion of plaintiff's evidence, defendants declining to offer any proof in defense of the suit, judgment was rendered in favor of plaintiff and against defendants for title to and possession of the lot, and against defendant J. T. Groves alone for $1,520, the rental value of the property from March 28, 1933, to the date of judgment. Defendant J. T. Groves appealed.

Appellant's first and second assignments of error relate to the judgment for rents, in the sum of $1,520, against appellant J. T. Groves. We sustain these assignments. The record shows that no evidence was introduced by plaintiff tending to show that appellant had been in actual possession of the lot in controversy at any particular time, or when he went into possession of the premises, or that his possession antedated the trial. It is well settled we think, in trespass to try title suits and for damages, that plaintiff could recover damages, for the use and occupation of the premises, only by alleging and proving facts authorizing such recovery. The defense of "not guilty" cannot be given the effect of an admission, by defendants, of possession prior to the time of commencing the action. O'Connor v. Luna, 75 Tex. 592, 12 S.W. 1125. Therefore the trial court was not warranted in assessing against appellant, J. T. Groves, damage for the use and occupation of the premises, in the absence of proof of facts authorizing such recovery.

The matter of recovery of title and possession of the premises in the instant case is entirely separate and distinct from the question of damage for rents. On the issue of title and possession, there seems to be no serious contention. The record shows that, on December 16, 1930, J. T. Groves and wife, Catherine Groves, executed and delivered to J. E. Foster & Son a deed of trust, creating a lien upon the

premises in controversy. This deed of trust was duly assigned to Hibernia Mortgage Company and thereafter foreclosed under the power of sale of the deed of trust, property sold, and the Hibernia Mortgage Company became the purchaser thereof. On March 28, 1933, by deed, appellee deraigned title from the Hibernia Mortgage Company. These transactions are not challenged in any manner by pleadings or evidence, as being insufficient to convey title to the premises. Evidently they establish title in appellee; therefore judgment in favor of appellee for the title and possession of the property against J. T. Groves and Catherine Groves will be affirmed, and judgment against appellant, J. T. Groves, for damages, will be reversed, and this cause remanded for trial of that issue only.

Affirmed in part; reversed and remanded in part.